## COMMONWEALTH v. F. M. GIPNER.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

118 379
e 27 SC ² 17

118 379
e37SC ¹²⁴⁰

Argued November 8, 1887—Decided January 3, 1888.

1. The record of a conviction under the act of April 22, 1794, 3 Sm. L. 178, in substantial conformity with the form prescribed in § 4 thereof, is sufficient, and on certiorari the Court of Common Pleas may not consider the notes of testimony returned as a part of the record and re-try the case on its merits.

2. Where a defendant, convicted before a magistrate and sentenced under said act, has voluntarily paid the fine and costs, the Court of Common Pleas has no power on certiorari subsequently to reverse the judgment and order restitution.

Before GORDON, C. J., PAXSON, STERRETT and WILLIAMS, JJ.; TRUNKEY, GREEN and CLARK, JJ., absent.

No. 253 October Term 1887, Sup. Ct.; court below, No. 266 September Term 1887, C. P. No. 1.

On July 15, 1887, a writ of certiorari issued in behalf of F. M. Gipner to alderman M. F. Cassidy, the return to which contained a record reciting the arrest of F. M. Gipner, a hearing on July 12, 1887, and concluding:

Statement of Facts.

Be it remembered, that on the 12th day of July, A. D. 1887, F. M. Gipner, of Allegheny county, Pa., merchant (he being personally present), is convicted before me, being one of the aldermen of the city of Pittsburgh, in the county of Allegheny, of doing and performing worldly employment and business within said county (the same not being a work of necessity or charity), on the 26th day of June, A. D. 1887, the said day being the Lord's day, commonly called Sunday, contrary to the act of assembly, entitled, " An act for the prevention of vice and immorality and of unlawful gaming, and to restrain disorderly sports and dissipation," approved April 22, 1794, and the act entitled, " A supplement to an act to extend the powers of certain officers in Allegheny county, approved the 26th day of February, 1855, and for the better regulation of the Sabbath in said county," approved April 26, 1855, P. L. 321, 322; the particular acts done and business and employment carried on being as follows, to wit :—Selling cigars and tobacco, and exposing the same for sale, and keeping his store open for business at No. 902 Liberty street, Pittsburgh Pa.; and I do adjudge him to forfeit and pay for the same the sum of twenty-five dollars, with costs of this suit, to be distributed according to law, and in default of payment or of goods to levy upon to satisfy the same, shall be committed to the county prison, to wit: the Allegheny county jail for thirty days. Given under my hand and seal the day and year aforesaid.

M. F. CASSIDY [SEAL], Alderman.

I hereby certify that the above, together with the testimony of the witnesses taken in writing at the hearing and hereto attached, is a true and correct transcript from my docket of the proceedings had before me in the above suit; and the fine and costs in this case were paid July 12, 1887.

Witness my hand and seal this 19th day of July, 1887.

M. F. CASSIDY [SEAL], Alderman.

The exceptions filed by the plaintiff in the writ charged as error: 1. That it did not appear in the evidence that the defendant owned and operated the store in which sales were

made on Sunday, June 26, 1887 ; 2. Nor did it appear that the defendant was present when the sales were made or that he knew of said sales or authorized them ; the fact being the defendant was in another state on said Sunday, and the unlawful sales were made by his clerk in direct violation of his orders.

On July 19, 1887, the counsel for the commonwealth moved to quash the writ on the ground that the plaintiff had voluntarily paid the fine and costs at the time of his conviction, and the cause was then wholly ended and determined.

On October 10, 1887, after argument before the court, BAILEY, J., the motion to quash having been refused, the judgment was reversed and restitution of the fine and costs ordered, no ' opinion being filed. Thereupon the commonwealth took this writ, assigning for error :

1. The refusal of the motion to quash the writ.

2. The judgment reversing the judgment of the alderman and ordering restitution.

*Mr. Wm. Yost* (with him *Mr. John Rebman*), for the plaintiff in error :

1. Though in convictions at common law or under statutes which do not prescribe a form of conviction, the evidence must be reduced to writing and become a part of the record, yet the act of April 22, 1794, 3 Sm. L. 178, prescribes a form of conviction, and it has been repeatedly held that this is the only record required by the act : Commonwealth v. Wolf, 3 S. & R. 48 ; Johnston v. Commonwealth, 22 Pa. 102 ; Commonwealth v. Hardy, 1 Ash. 412 ; Commonwealth v. Nesbit, 34 Pa. 403. Not only, therefore, was the record sufficient, but the notes of the evidence attached are no part of it. The courts are no longer astute in discovering defects in such proceedings : Commonwealth v. Burkhart, 23 Pa. 523 ; 4 Chit. Gen. Prac. 192. Moreover, the fine and costs having been voluntarily paid at the time of the conviction, there was then a determination of the cause.

A writ of error is the proper writ, and the judgment is reviewable, because the charge is of a criminal nature : Commonwealth v. Burkhart, 23 Pa. 521 ; Commonwealth v. Betts, 76 Pa. 465.

*Mr. Geo. Elphinstone*, for the defendant in error, submitted no brief.

OPINION, MR. JUSTICE WILLIAMS:

The defendant in error was arrested on the second day of July, 1887, for a violation of the Sunday laws by the sale of tobacco and cigars at his store in the city of Pittsburgh. On his arrest he went before a magistrate and proposed to pay the fine and costs, saying he might as well pay at one time as another. The magistrate being at the time unable to ascertain the amount of the costs declined the offer. The case was finally heard on the 12th July, and the defendant convicted. Immediately after his conviction, without waiting for the issuing of any writ, and without threat or request from the magistrate or any other person, the defendant voluntarily paid the fine and costs and the proceeding was at an end. Three days afterwards he obtained a writ of certiorari, and brought the record of his conviction into the Common Pleas for examination. That court reversed the proceedings before the magistrate and awarded a writ of restitution for the fine and costs paid by the defendant.

What reasons moved the court to this action we are unable to determine, as no opinion whatever was filed. We have examined the proceedings before the magistrate and the record of conviction, and we are unable to discover any serious error or defect in them. The record of conviction is in substantial conformity to the requirements of the act of 1794, and should have been held to be sufficient in form and substance. The fact that the evidence was sent up by the magistrate did not justify the Common Pleas in an attempt at a re-trial of the case upon the merits, nor make it any part of the record. But if it had been otherwise, the case was at an end before the certiorari issued, by the voluntary payment and satisfaction of the fine and costs; and the Common Pleas had no authority in the premises.

> The order made upon the argument of the certiorari, reversing the proceedings before the magistrate and awarding a writ of restitution, is now reversed and set aside, and the proceedings before the magistrate are affirmed.