# Commonwealth *v.* Yocum, Appellant.

*Appeals—Assignments of error—Defective assignments—Assignments embracing more than one point—Assignments not self-sustaining.*

Rule XIV is violated by an assignment of error in the following form: "The conclusions set forth in the opinion filed August 20, 1907, are not justified by the record and testimony offered for the consideration of the court in this case," and then follow five distinct specifications as to which the court erred.

Rule XIV is violated by an assignment of error in the following form: "The court erred in overruling appellant's exceptions filed to

No. 195 May Term of the Court of Common Pleas of Somerset County, Pa., in substance as follows:" Then follow as the substance of this assignment, thirty-seven distinct exceptions.

Rule XV is violated by an assignment of error in the following form: "The court disregarded the appellant's objections and exceptions to questions asked by the appellee at the time of taking the depositions, the answers sought in relation to which were calculated to amend their record and proceedings in essential particulars."

Rule XV is violated by an assignment of error in the following form: "The court took an improper view of the matters in relation to this case prior to April 12, 1906. He should have considered the various transcripts as evidence impeaching the transcript filed April 27, 1906."

Assignments of error are insufficient which do not quote the opinion or decree to which exception is taken, or any part of it, and do not refer to the pages at which the rulings of the court, the findings of fact or conclusions of law, to which exception is taken, may be found.

*Summary conviction—Payment of fine and costs—Jurisdiction Common pleas.*

Where the defendant in a summary conviction voluntarily pays the fine and costs, he has no standing thereafter to maintain an appeal in a court of common pleas.

Argued May 5, 1908. Appeal, No. 176, April T., 1908, by defendant, from order of C. P. Somerset Co., May T., 1906, No. 195, dismissing appeal from summary conviction in case of Commonwealth v. T. J. E. Yocum. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Certiorari to a summary conviction for violation of a borough ordinance.

The opinion of the Superior Court states the case.

*Errors assigned* are set forth in the opinion of the Superior Court.

*T. J. E. Yocum.* with him *J. A. Berkey* and *Clarence L. Shaver,* of *Berkey & Shaver,* for appellant.

*J. L. Pugh,* for appellee.

OPINION BY BEAVER, J., October 12, 1908:

When this case came on to be heard, a motion was made to

quash the appeal, for the reason (among others) that no assignments of error appeared in the paper-book of the appellant. The assignments having been filed with the prothonotary, as required by our rule, upon motion permission to print them was granted and the motion to quash overruled. The assignments were subsequently printed and the printed copy filed.

None of these assignments, however, is in accordance with our rules. The first and fourth are in flagrant violation of our rule XIV.

· The first is that, "The conclusions set forth in the opinion filed August 20th, 1907, are not justified by the record and testimony offered for the consideration of the court in this case," and then follow five distinct specifications as to which the court erred.

The fourth is: "The court erred in overruling appellant's exceptions filed to No. 195, May Term of the Court of Common Pleas of Somerset County, Pa., in substance as follows:" Then follow, as the substance of this assignment, thirty-seven distinct exceptions.

It is very clear that these assignments are in direct conflict with the rule above mentioned, which provides that: "If any assignment embrace more than one point, or refer to more than one bill of exceptions, or raise more than one distinct question, it shall be considered a waiver of all the errors so alleged."

The second and third exceptions are contrary to our rule XV. The second assignment is: "The court disregarded the appellant's objections and exceptions to questions asked by the appellee at the time of taking the depositions, the answers sought in relation to which were calculated to amend their record and proceedings in essential particulars."

The third assignment: "The court took an improper view of the matters in relation to this case prior to April 12, 1906. He should have considered the various transcripts as evidence impeaching the transcript filed April 27th, 1906."

What were the appellant's objections and exceptions and what the questions to which they applied, which the court disregarded? In what respects were they calculated to amend

the record and proceedings in essential particulars? We are entirely at a loss to understand, so far as the assignment is concerned, what particulars are referred to. What was the improper view of the matters in relation to this case prior to April 12, 1906, taken by the court, and how was that improper view expressed? Was it in an opinion or findings of fact or conclusions of law? What were the various transcripts which should have been considered as tending to impeach the transcript filed April 27, 1906, and in what manner was this question disposed of? Neither of these assignments is self-sustaining, and we are not informed in any way as to the manner in which the court disposed of the various objections and exceptions which are referred to, much less is the action of the court disposing of them quoted totidem verbis in the assignment.

The fifth and sixth assignments are practically of the same character. They do not quote the opinion or decree, to which exception is taken, or any part of it, nor in any of the assignments is there a reference to the pages at which the rulings of the court, the findings of fact or conclusions of law, to which exception is taken, may be found. So far as we are able to gather the substance of the appellant's objections to the proceedings in the court below, upon the certiorari from the summary conviction of the justice of the peace who imposed the fine upon him, they are of a technical character and refer rather to alleged irregularities in the date and other particulars in regard to the ordinance, under which the fine was imposed, than to matters of substance in regard to the validity of the ordinance itself.

Assuming, if we may, the regularity and sufficiency of the assignments of error, we are unable, upon such examination of the general questions raised as the record permits, to convict the court below of error in disposing of them, particularly in view of the fact that the defendant, having voluntarily paid the fine imposed by, and the costs incurred in, the proceedings before the justice of the peace, the court of common pleas had no jurisdiction in the premises.

In Comth. v. Gipner, 118 Pa. 379, in a summary conviction for a violation of the Sunday laws, where the fine and costs had been voluntarily paid by the defendant, it was said by Mr.

Justice WILLIAMS: "The fact that the evidence was sent up by the magistrate did not justify the Common Pleas in an attempt at a retrial of the case upon the merits, nor make it any part of the record. But if it had been otherwise the case was at an end before the certiorari issued, by the voluntary payment and satisfaction of the fine and costs, and the Common Pleas had no authority in the premises."

This seeming to be the case here, the action of the court of common pleas in overruling the defendant's specifications of error and affirming the judgment of the justice of the peace, would seem to have been correct.

The judgment is affirmed and the appeal dismissed at the costs of the appellant.