## Commonwealth ex rel. *v.* Konas, Appellant.

*Criminal law—Summary conviction—Voluntary payment of fine—Appeals.*

Where defendants convicted in a summary proceeding before the burgess of a borough for violation of a borough ordinance, have voluntarily paid the fine imposed upon them, they cannot thereafter appeal from the judgment of the burgess. A finding by the common pleas that the payment was voluntary will not be reviewed by the Superior Court where the defendants have failed to attach a transcript of the record of the burgess to the petition which they presented to the court below.

Argued April 20, 1914. Appeal, No. 139, April T., 1914, by defendants, from order of Q. S. Westmoreland Co., Feb. T., 1914, No. 176, quashing appeal in case of Commonwealth ex rel. Lieutenant Albright v. Mike Konas et al. Before RICE, P. J., HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Motion to quash appeal.

The court below made the following order:

It appears from the record in the case that the defendants were tried for offending against an ordinance of the borough of Monessen, that the case was heard before the burgess of that municipality; that they were

adjudged guilty and were sentenced to pay a fine, the amount of which was within the provisions of the ordinance, and out of the money then in the hands of the burgess belonging to the men this fine, together with the costs, was paid, the circumstances of payment justifying the conclusion that it was voluntary payment. The defendants, therefore, have been tried, adjudged guilty, sentenced and the sentence carried into execution. The case, therefore, was at an end, and the allowance of the appeal was inadvertently made. The appeal is therefore quashed.

*Error assigned* was the order of the court, quoting it.

*Vernon Hazzard*, for appellants.—The allowance of an appeal in such cases is discretionary, but once having been allowed, for cause shown, appellants contend the case should have been heard de novo and upon its merits: Com. v. Levine, 36 Pa. Superior Ct. 188.

The payment was not voluntary: Com. v. Price, 45 Pa. Superior Ct. 643; Com. v. Ferree, 6 Pa. Dist. Rep. 639.

*Adam M. Wyant*, with him *Edward E. Robbins*, for appellees.—The court having found that the sentence imposed by the burgess had been carried into execution, the case was at an end, and the appeal was, therefore, properly dismissed as there was nothing from which to take an appeal: Com. v. Yocum, 37 Pa. Superior Ct. 237; Com. v. Gipner, 118 Pa. 379; Com. v. Megargy, 5 Justice's Law Rep. 40; Com. v. Hendley, 7 Pa. Superior Ct. 356.

The finding that the payment of the fine was voluntary, is conclusive: Com. v. Weimer, 36 Pa. Superior Ct. 451.

OPINION BY PORTER, J., July 15, 1914:

The defendants were convicted in a summary proceeding before the burgess of the borough of Monessen

for violation of a borough ordinance.  They presented their petition to the court of quarter sessions, alleging that they had been convicted without a hearing or an opportunity to be heard in their own behalf, and that they had been severally fined.  The petition averred that they were not guilty of the offense charged, that they had not had a fair trial and though they had a complete defense no opportunity had been given them to acquit themselves.  They prayed that the court grant them an appeal from said conviction.  The court, on February 6, 1914, ordered that the appeal be allowed. The petition did not state whether or not the defendants had paid the fines which had been imposed upon them, nor was there attached to the petition any record of the proceedings had before the burgess.  At the hearing in the court below, on March 21, 1914; counsel for the prosecution moved the court below to quash the appeal for the reason that the defendants had voluntarily paid the fines imposed upon them severally and that the case was, therefore, at an end.  The court below thereupon made the following order: "It appears from the record in the case that the defendants were tried for offending against an ordinance of the borough of Monessen, that the case was heard before the burgess of that municipality; that they were adjudged guilty and were sentenced to pay a fine, the amount of which was within the provisions of the ordinance, and out of the money then in the hands of the burgess belonging to the men this fine, together with the costs, was paid, the circumstances of payment justifying the conclusion that it was a voluntary payment.  The defendants, therefore, have been tried, adjudged guilty, sentenced and the sentence carried into execution.  The case, therefore, was at an end, and the allowance of the appeal was inadvertently made.  The appeal is, therefore, quashed." The appellants assign for error the order quashing the appeal.

When a defendant is convicted in a summary pro-

ceeding before a magistrate, of an offense of which the magistrate had jurisdiction and is fined an amount within the limit authorized by the statute or ordinance creating the offense, and voluntarily pays the fine, that is an end of the case. Having voluntarily paid his fine he has satisfied the law, and is no longer in a position to raise any question as to the validity of the payment: Com. v. Gipner, 118 Pa. 379; Com. v. Yocum, 37 Pa. Super. Ct. 237. When the fine has been thus voluntarily paid any question as to the regularity of the proceedings becomes merely academic, and the state does not maintain her courts of record for the purpose of deciding questions of that character. The appellants contend, however, that the court erred in its finding that the payment of the fines had been a voluntary payment. We are asked in this case to reverse the action of the court below in finding that the defendants had voluntarily paid their several fines before their petition for the allowance of an appeal was presented to the court below, without having before us the transcript of the record of the burgess. All that we have are the defendants' petition, the order of the court allowing the appeal, and the final order of the court quashing the appeal, as above quoted. The judge of the court below had the right to look at the record of the magistrate, when offered in evidence, and at the evidence offered before the magistrate, in behalf of both the commonwealth and the defendants, "and other matters which may not be examined into here, as the appeal to this court must be regarded as a substitute for a certiorari:" Com. v. Weimer, 36 Pa. Super. Ct. 451; Com. v. Price, 45 Pa. Super. Ct. 643. We have nothing to do with the evidence, or with the rulings at the hearing upon the offers of evidence. It was within the power of the appellants to attach this transcript of the burgess's record to the petition which they presented to the court below, but this they did not do. The transcript is not sent up and it is impossible to see how we can convict the court be-

low of an abuse of discretion, in finding that the fines imposed upon the several defendants had been voluntarily paid by them. The specification of error is dismissed.

The order of the court below, quashing the appeal, is affirmed.