## Township of Haverford *v.* Armstrong et al.

*Practice, Q. S.—Summary conviction—Voluntary payment of fine—Certiorari.*

A certiorari to a justice of the peace to review a sentence imposed for disorderly conduct should be quashed, where the fine and costs have been paid voluntarily by the defendants, before the issuance of the writ.

Argued December 6, 1920. Appeal, No. 214, Oct. T., 1920, by defendant, from order of C. P. Delaware County, June T., 1919, No. 366, on certiorari to judgment of a justice of the peace in the case of Township of Haverford v. William Armstrong, Ethel Atkinson and Jane

HAVERFORD TOWNSHIP *v.* ARMSTRONG et al. 153

Rosser. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Certiorari from judgment of justice of the peace. Before BROOMALL, J.

The court below filed the following opinion:

Viewing the above proceeding strictly there is no return of the magistrate in the above case, and strictly speaking there is nothing before us, and the certiorari would have to be quashed.

But one of the exceptions filed is to the effect that the case ought to be entitled as the Township of Haverford, plaintiff, and the return of the magistrate is the record of a case wherein the Commonwealth of Pennsylvania is plaintiff. Of course, we have no power to change the title of the case. We can only give such intendment to the writ of certiorari as to accept the return of the magistrate as the record of the case, to which the exceptant's writ is directed. Our power to do this is very questionable.

Looking into the record returned, we find that on June 21, 1919, the defendants were arrested by a police officer on view and brought before the magistrate, and thereupon a complaint was made in writing by the officer, charging the defendants with disorderly and immoral conduct and with fornication. Upon hearing evidence was introduced to support these charges, and that the conduct referred to took place upon the township line road in Haverford Township, whereupon the defendants pleaded guilty and a fine of twenty-five dollars and costs were imposed upon each of them, and the fines and costs were immediately paid.

There is mention in the record of a warrant issued on July 7, 1919. This does not appear to have anything to do with the proceeding. It is not the warrant which is stated to have been issued on June 21, 1919. The latter warrant appears to have been issued at the time of the

arrest. But a warrant was unnecessary for the arrest was upon view.

A justice of the peace has jurisdiction to entertain a proceeding for an unseemly disturbance or annoyance to the peaceable residents at or near any public road whereby the public peace is broken or disturbed, or the traveling public annoyed under the Act of May 2, 1901, section 1, P. L. 132, Stewart's Purdon, vol. 1, page 928, pl. 128. Under the charge of fornication, of course, it was the duty of the magistrate, upon proof of a prima facie case, to hold the defendants to bail,. and return his transcript to the court of quarter sessions, but it is unnecessary to consider this aspect of the case, for he had jurisdiction of the charge of disorderly conduct under the above stated act. The only irregularity we see in the record is the imposition of a fine of twenty-five dollars on each of the defendants. His power under the act referred to is to impose a fine not exceeding ten dollars. There is no exception filed by the defendants definitely charging this irregularity. The only approach to it is the twelfth section, which says, "That the imposition of a fine of twenty-five dollars each was unreasonable." We are not concerned in the reasonableness of the fine. The question is one of power. However, giving a reasonable intendment to this exception and considering that the magistrate exceeded his authority as to the amount of the fine, we are inclined to give relief to the extent of this excess, and therefore make the following disposition of the case:

And now, March 20, 1920, it is ordered, adjudged and decreed, that the exceptions of the defendant be dismissed, with the exception of the twelfth exception, and that is sustained to the extent of fifteen dollars of the fine on each of the defendants.

*Error assigned* was the order of the court.

152, (1921).]  Arguments—Opinion of the Court.

*E. Wallace Chadwick,* and with him *William I. Schaffer* and *Arthur L. Reeser* and *William J. MacCarter, Jr.,* Assistant District Attorney, for appellant.

*Howard N. Lutz,* for appellee.

OPINION BY TREXLER, J., March 5, 1921:

The defendants were convicted of disorderly conduct in a summary proceeding before a justice of the peace, on June 21, 1919. There was a fine imposed which was paid. No commitment was issued. On July 7th, a certiorari was issued and the proceedings removed to the Court of Common Pleas of Delaware County. The judge who heard the case concluded that the conviction should be sustained but that the fine was unreasonable, and reduced it to ten dollars.

We think the certiorari should have been quashed. The payment of the fine and costs was voluntary, and that ended the matter. This has been held in a number of cases: Com. v. Yocum, 37 Pa. Superior Ct. 237; Com. v. Gipner, 118 Pa. 379; Com. v. Konas, 57 Pa. Superior Ct. 629.

The judgment of the court is reversed and the record remanded with instructions that the writ of certiorari be quashed. Appellees for costs.