## City of McKeesport *v.* Dunn, Appellant.

*Magistrates—Summary conviction—Compliance with sentence— Appeals.*

Where a defendant was summarily convicted by a magistrate for disorderly conduct, and paid his fine "under protest" before taking his appeal, the appeal will be quashed.

The correct procedure under the Act of July 11, 1917, P. L. 771, providing for appeals from summary convictions, is to refuse to pay the fine and give bail pending the appeal.

Commonwealth v. Oliver, 77 Pa. Superior Court 580, distinguished and corrected.

Argued April 18, 1924.    Appeal, No. 121, April T., 1924, by defendant, from judgment of County Court of Allegheny Co., Commonwealth Docket, No. 1127, 1923, dismissing appeal from judgment of a magistrate in the case of City of McKeesport v. Robert W. Dunn.    Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Appeal quashed.

294, (1924).] Decree of Court below—Opinion of the Court.

Appeal to county court from summary conviction. Before FOSTER, J.

The facts are stated in the opinion of the Superior Court.

The court entered the following decree:

And now, to wit, Nov. 28, 1923, after hearing, the defendant herein is adjudged guilty of the offense of disorderly conduct violating Sec. 2 and 4 Common Council Bill No. 5 wherewith he stands charged, and he is sentenced to pay a fine of $25 and the costs, and in default thereof to stand committed to the Allegheny County Workhouse for the period of thirty (30) days in accordance with the laws of the Commonwealth of Pennsylvania and the Ordinance of the City of McKeesport relating thereto.

Defendant to be credited on this sentence with any moneys heretofore paid, or time heretofore served, on the sentence imposed by the magistrate.

*Error assigned* was, among others, the order of the court.

*George J. Shaffer,* for appellant.

*Hallock C. Sherrard,* and with him *Harry M. Jones,* for appellee.

PER CURIAM, May 5, 1924:

A McKeesport magistrate summarily convicted appellant for disorderly conduct, and sentenced him to pay a fine of twenty-five dollars and costs, and in default of payment, to be committed to the Allegheny County jail for thirty days. We cannot consider the merits of the case, but we observe that the magistrate had jurisdiction of the person, and of the charge, and had power to impose the sentence. His transcript shows that on the day of the conviction he received "the fine and costs in full in this case." So the matter stood for five days. With

the payment of the fine, the proceeding ended; nothing remained to be heard in the county court, or later in this court.   We therefore quash the appeal.

If appellant desired a review of the summary proceeding, he should not have ended it by complying with the sentence; he should have complied with the Act of July 11, 1917, P. L. 771, governing review in such cases; he could not disregard the statute by substituting a method in his judgment more convenient.   The statute provides: "In all cases of summary conviction in this Commonwealth, before a magistrate or court not of record, either party may within five days after such conviction, appeal to the court of quarter sessions of the county in which such magistrate shall reside or court not of record shall be held, upon allowance of the said court of quarter sessions, or any judge thereof, upon cause shown;......provided, That pending the taking of an appeal by either party, or the allowance or refusal thereof by the court or judge, the fine, or penalty, and costs imposed by the magistrate, or court not of record, need not be paid if bail is entered with one or more sufficient sureties in double the amount of such fine,...... and costs for the payment thereof, on the refusal of such appeal; or if allowed, on the final disposal of such appeal."   Instead of pursuing the method so specified he avers he paid the fine "under protest."   What the protest was, does not appear; the receipt of the magistrate on his transcript is unconditional.   Such protest has no legal meaning, furnishes no reason for allowing an appeal to the quarter sessions, or, (in Allegheny County) to the county court, and does not render compliance with a sentence within the legal power of the magistrate, any less voluntary than compliance without protest.   In Com. v. Oliver, 77 Pa. Superior Ct. 580, we held that on appeal from summary conviction, the quarter sessions must hear the case de novo, and we reversed because that had not been done; though the opinion filed in that case, states that the petition on which the appeal was

allowed below, averred inter alia, that petitioner had paid the fine "under protest," that fact alone would not justify allowing the appeal and to the extent what is there said gives a contrary impression, the statement is now corrected; mere payment "under protest" in such circumstances does not constitute sufficient ground for the allowance of an appeal.

The petition for leave to appeal to the county court in this case, was filed five days after the sentence had been complied with; it was a voluntary compliance with the sentence: Com. v. Gipner, 118 Pa. 379, 382; Com. v. Yocum, 37 Pa. Superior Ct. 237; Haverford v. Armstrong, 76 Pa. Superior Ct. 152; the mere fact that the magistrate exercised a power vested in him to impose a jail sentence in default of the payment of the fine did not render the payment less voluntary in the legal sense. This is not a case like Com. v. Barbono, 56 Pa. Superior Ct. 637, where the magistrate had imprisoned a man without legal power to do so.

The method provided by the legislature for the review of summary conviction must be followed; we may not sustain the procedure here substituted for that supplied by the statute. The appeal is quashed.

Similar orders were made in the cases of City of McKeesport v. Toohey, April T., 1924, No. 120, and City of Pittsburgh v. Smith, April T., 1924, No. 107.