## Commonwealth v. Hurley.

*Sunday law—Sale of tobies on Sunday by innkeeper—Cash bail—Record, requisites of—Substance of evidence—Voluntary payment of fine and costs— Bail—Acts of April 22, 1794, April 17, 1876, and July 11, 1917.*

1. A sale of tobies on Sunday by the keeper of a boarding-house or inn is a violation of the Act of April 22, 1794, 3 Sm. Laws, 177.

2. The taking of cash bail, as an irregularity, is waived by the entry of a general plea of not guilty.

3. A record which sets forth merely the fact that witnesses were sworn and heard is insufficient. The substance of the evidence should at least be set out by the justice in his record.

4. The fact that the record does not show that in passing sentence the alternative duration of imprisonment to be served, in the absence of furnishing sufficient distress, was imposed, is not reversible error.

5. Where defendant has voluntarily paid the fine and costs imposed, the judgment of the justice is thereby extinguished, leaving no judgment to reverse.

6. A defendant in a proceeding brought for an alleged violation of the Act of April 22, 1794, if he desires to carry his case to an appellate court, instead of extinguishing by payment the judgment he seeks to have reviewed, should give bail before the justice, in accordance with the provisions of the Act of April 17, 1876, P. L. 29, as amended by the Act of July 11, 1917, P. L. 771.

*Certiorari* from judgment of justice of the peace. C. P. Washington Co., May T., 1924, No. 125.

Before Brownson, P. J., and Cummins, J.

*Thomas L. Anderson,* Assistant District Attorney, for Commonwealth.

*A. Kirk Wrenshall,* for defendant.

CUMMINS, J.—Defendant was arrested on the charge of violating the Sunday Law of April 22, 1794, 3 Sm. Laws, 177, it being alleged that he did, on the Lord's Day, commonly called Sunday, to wit, on Feb. 17, 1924, unlawfully and wilfully sell tobies. The transcript shows that defendant entered a plea of not guilty, and that, after testimony was taken, the defendant was adjudged guilty, that he "was fined $4 and costs, which he paid under pro-

Commonwealth v. Hurley.

test." The case is now before the court on *certiorari* and exceptions, after procurement of a special *allocatur*.

The fifth exception is fundamental, it being contended that the sale of tobies on Sunday by the keeper of a boarding-house or inn to his sojourners does not constitute a violation of the act. Our authorities are to the effect, however, that the sale of cigars or tobacco cannot be justified as a work of necessity (Com. *v.* Hoover, 29 Pa. C. C. Reps. 413, 25 Pa. Superior Ct. 133; Seaman *v.* Com., 11 W. N. C. 14, 29 Pitts. L. J. 95; Baker *v.* Com., 5 Pa. C. C. Reps. 10; Com. *v.* Moses, 15 Pa. C. C. Reps. 224; Duncan *v.* Com., 2 Pears. 213), and certainly such sales could not be held to come within the proviso to the effect that nothing therein contained should "be construed to prohibit the dressing of victuals in . . . lodging-houses, inns and other houses of entertainment for the use of sojourners, travelers or strangers. . . ." We hold, therefore, that such a sale constitutes a violation of the act, and that defendant's fifth exception cannot, therefore, be sustained.

The first and second exceptions are, in the opinion of the court, without merit. Counsel for the defence has offered no authorities which would sustain the contention therein advanced, and we know of none.

The taking of a forfeit or cash bail, complained of in the third exception, was an irregularity, but this and all such other irregularities were waived by the defendant entering his general plea of not guilty: Com. *v.* McCabe, 22 Pa. 450; Com. ex rel. Hartman v. Blair County Jail Warden, 8 Dist. R. 159, 21 Pa. C. C. Reps. 488. And see Stoker *v.* Railroad Co., 254 Pa. 494, 498.

The fourth, sixth and eighth exceptions very properly, we think, complain of the insufficiency of the justice's record in failing to show the substance of the evidence on which the justice based his finding. A record which sets forth merely the fact that witnesses were sworn and heard is insufficient: Com. *v.* Patton, 4 Pa. C. C. Reps. 135. The substance of the evidence should at least be set out in order that the court may judge whether there was any evidence from which the justice could have made his finding: Com. *v.* Nesbit, 34 Pa. 398; Miller *v.* Com., 24 Pa. C. C. Reps. 513; Van Swartow *v.* Com., 24 Pa. 131; Com. *v.* Gipner, 118 Pa. 379; Denzin *v.* Com., 3 Pa. C. C. Reps. 654; Com. *v.* Gelbert, 170 Pa. 426; Reid *v.* Wood, 102 Pa. 312. This defect would ordinarily call for a reversal.

The seventh exception, which complains that the sentence imposed did not state the alternative duration of the imprisonment on failure to pay the fine imposed in the absence of furnishing sufficient distress, could not, under the authorities, be sustained: Com. *v.* Dukehart, 17 Pa. Superior Ct. 71; Com. *v.* Diffenbaugh, 26 Pa. C. C. Reps. 65; Com. *v.* Borden, 61 Pa. 272; Com. *v.* Irwin, 3 Pa. L. J. 59; Com. *v.* Congdon, 74 Pa. Superior Ct. 286, 289.

If the defendant had not already paid the fine and costs imposed, we would feel constrained to sustain the fourth, sixth and eighth exceptions to the justice's record. Where, however, as in this case, a defendant has voluntarily paid and satisfied the fine and costs, the case is at an end before the issuance of a *certiorari*, and the Court of Common Pleas on *certiorari* is without power to then reverse the justice's judgment and order restitution: Com. *v.* Gipner, 118 Pa. 379, 12 Atl. Repr. 306; Cronrath *v.* Border, 27 Pa. Superior Ct. 15, 17; Com. *v.* Konas, 57 Pa. Superior Ct. 629, 632; Haverford Township *v.* Armstrong, 76 Pa. Superior Ct. 152, 155; Com. *v.* Yocum, 37 Pa. Superior Ct. 237.

The fact that a fine is paid under protest does not prevent such payment from being a voluntary payment. As already observed, a fine alone, without any alternative of imprisonment, was imposed. No distress was made or

Commonwealth v. Hurley.

commitment issued. Under such circumstances it could not well be contended that such payment was otherwise than voluntary. While a proceeding under this act is neither a felony nor a misdemeanor (Com. v. Foster, 28 Pa. Superior Ct. 400), yet it is criminal in its nature, being a summary proceeding (Com. v. Rosenthal, 3 Pa. C. C. Reps. 26, 669; Com. v. Fasnacht, 12 Dist. R. 327. And see Com. v. Waldman, 140 Pa. 89), and the defendant desiring to remove his cause to the Court of Common Pleas, should have given bail before the justice, pending such removal, in accordance with the provisions of the Act of April 17, 1876, P. L. 29, as amended by the Act of July 11, 1917, P. L. 771, instead of extinguishing by payment the judgment of the justice, thereby leaving no judgment to reverse.

### Decree.

And now, to wit, Aug. 18, 1924, for the reasons set forth in the foregoing opinion, defendant's exceptions are dismissed and the judgment of the justice affirmed.

From E. E. Crumrine, Washington, Pa.