Commonwealth *v.* Kramer, Appellant.

Argued March 15, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*George J. Ivins,* with him *C. Max Ivins* and *Ivins, Modell & Voldow,* for appellant.

*Victor J. DiNubile,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

PER CURIAM, April 13, 1948:
Defendant was indicted, convicted, and sentenced for a violation of section 524 of the Penal Code of June

24, 1939, P. L. 872, 18 PS § 4524. It provides that one is guilty of a misdemeanor who "sells, lends, distributes, . . . offers to sell, lend, distribute, . . . or has in his possession with intent to sell, lend, distribute . . . any obscene, lewd, lascivious, filthy, indecent or disgusting book, magazine, pamphlet, newspaper, . . . or any written or printed matter of an indecent character, . . ."

Defendant waived trial by a jury and elected to be tried by a judge without a jury. Following the trial, at which defendant presented evidence on his own behalf, the trial judge rendered a verdict of guilty. The sentence subsequently imposed was a fine of $50 which defendant paid immediately and in full. Defendant has appealed from the judgment.

Defendant, on appeal to this Court, would question the sufficiency of the evidence to sustain the conviction, and contend that the magazine in question was not in fact obscene. We are precluded from passing upon the substantive question which defendant attempts to raise. When defendant paid the fine in full which had been imposed, there was a complete compliance with the sentence of the court; the questions became moot; the matter was at an end, and no right of appeal existed thereafter from the satisfied judgment and sentence. *Com. v. Gipner*, 118 Pa. 379, 12 A. 306; *Township of Haverford v. Armstrong et al.*, 76 Pa. Superior Ct. 152; *Com. ex rel. Wilhelm v. Weigley*, 83 Pa. Superior Ct. 189; *City of McKeesport v. Dunn*, 83 Pa. Superior Ct. 194; *Reap's Appeal*, 88 Pa. Superior Ct. 147; *Deen's Appeal*, 135 Pa. Superior Ct. 376, 5 A. 2d 613; 2 Am. Jur., Appeal and Error, § 231, p. 987; Annotation: 18 A.L.R. 867; Annotation: 74 A.L.R. 638. The sentence imposed constituted the final judgment of the court. By the payment of the fine this was satisfied. Defendant now seeks to raise a mere moot question. See *Com. ex rel. McCarty v. Cairns*, 46 Pa. Superior Ct. 96.

450

Defendant's right of appeal in a summary conviction, even though the fine and costs are paid, is now preserved in this Commonwealth where the statutory requirements are met. Acts of July 11, 1917, P. L. 771, and April 1, 1925, P. L. 98, amending the Act of April 17, 1876, P. L. 29, 19 PS § 1189. These acts, however, have no application where, as here, the offense involved is a misdemeanor.

The appeal is quashed.