## Commonwealth v. Strickland

*C. Wayne Smyth*, district attorney, for Commonwealth.

*Romeyn F. Culver*, for defendant.

ROSENFIELD, P. J., May 1, 1950.—Defendant, Edward Strickland, filed a petition for the allowance of a writ of certiorari to Ray E. Beardsley, justice of the peace of Athens Borough. The case arises out of the arrest of defendant for speeding. The petition alleges that Ray E. Beardsley was not the nearest available justice of the peace and that defendant had not been arrested after 10 days' notice to appear in accordance with the statute. The Commonwealth filed an answer to the petition and the court heard testimony to determine whether the writ should be allowed. After the decision of the case of Commonwealth v. Gill, 166 Pa. Superior Ct. 223, 70 A. (2d) 700, defendant abandoned the first reason and relied only on the second reason for the proof is that the officer took the defendant before the nearest available magistrate in an adjoining jurisdiction, because the justice elected in this township where the alleged offense occurred, refused to hear cases.

At the hearing the parties stipulated that the only issue of fact in dispute was whether an arrest was made. The Pennsylvania State policeman who was the prosecutor in the case had a right to arrest on view for violations of this act but then was required to take defendant forthwith before the nearest available magistrate, etc., and make and file with the magistrate an information setting forth therein the offense and at once furnish a copy thereof to the person arrested. The officer contended that he did arrest defendant, that he informed defendant of his arrest at the time when he stopped defendant and that he again informed de-

fendant that he was under arrest for speeding at the time when he was about to enter the office of the justice of the peace. Defendant denied categorically that he was advised that he was under arrest.

"To constitute an arrest there must be an intent to arrest, under a real or pretended authority, accompanied by a seizure or detention of the person which is so understood by the person arrested": 6 C. J. S. 571. There was no manual touching of defendant, but "a manual touching is not necessary where the subject of the arrest submits thereto or is otherwise actually subjected to restraint": 6 C. J. S. 572.

The arresting officer testified that when he stopped defendant's car, defendant came to his car and he informed defendant that he was being arrested for speeding and "to follow me to the justice and he was very coöperative and not abusive in any way"; that defendant got into his car and followed the officer to the office of the justice. He testified that he made this same statement at the time when defendant was about to cross the road at the office of the justice. At the scene of the alleged violation, the officer took defendant's operator's license and car license and did not return them to him again until they were at the office of the justice of the peace.

Defendant testified that he asked the officer: "Is there any way you can arrange this so we can proceed to Waverly?" where defendant was going to bowl that night. The officer's reply was: "You'll be there; just follow me". Defendant testified that he followed the officer to the office of the justice where the officer made out an information, swore to it, had it read to defendant, and a copy was given to defendant. The justice then allowed defendant to leave on his own recognizance for hearing at a later fixed time. Defendant testified that he was trying to find out why the two persons who were accompanying him on the trip

to the bowling alley could not proceed while he was at the office of the justice. His testimony on this subject corroborated the officer for he testified that the officer said:

"'No, you bring the keys to the car', and pointed to Charles; that is all that we did say; I was trying to find out if there was any reason for them to stay *if I was the one under arrest*, I could not see any use for them being late also; . . .'"

In other words, defendant clearly understood at the time that he was under arrest and had submitted thereto and we have no doubt that defendant was under arrest.

Even if there were irregularities in connection with the arrest, when defendant gave bail for his appearance at a specified time as he admitted that he did, "He waived any irregularities which might have existed"; Commonwealth v. Hill, 166 Pa. Superior Ct. 388, 393 (1950).

After requesting a continuance defendant failed to appear and the justice then gave him notice to come in and when he failed to appear a warrant was issued. The justice might have taken appopriate procedure to forfeit his recognizance and compel him to appear at once. By taking the more courteous and gentlemanly course he did not abandon, nor did the officer of justice manifest, any intention to abandon the original proceedings.

The petition states that: "Your petitioner was found guilty of 'speeding' and under protest paid a fine of ten dollars and costs of five dollars to the said Ray E. Beardsley, Justice of the Peace, on January 9, 1950."

If we were to allow this writ of certiorari we would be compelled to quash the writ. "The payment of the fine and costs was voluntary, and that ended the matter." Township of Haverford v. Armstrong et al., 76 Pa. Superior Ct. 152, 155. "The case was at an end

before the certiorari issued, by the voluntary payment and satisfaction of the fine and costs; and the Common Pleas had no authority in the premises": Commonwealth v. F. M. Gipner, 118 Pa. 379, 382. See also Commonwealth v. Sharpless et al., 5 D. & C. 599, where the court cites many cases holding that where a defendant is sentenced by a justice and voluntarily pays the fine and costs, the common pleas court has no power subsequently on writ of certiorari to reverse the decision of the justice. The only case which we found holding to the contrary is Commonwealth v. Bickerstaff, 26 Erie, 256, 261. The court in that case said, after stating that the fine and costs had been paid:

"This raises the question as to whether or not the defendant, by such choice of action, waived his right to a writ of certiorari. We rule that he did not. There is a wealth of decisions holding to the contrary but the factual situation in each of those cases presents a different picture."

The court in that case allowed the writ and reversed the magistrate for the reason that the court was without jurisdiction and its acts without effect and wholly void. In the present case defendant concedes that the Gill case, supra, controls and that the magistrate did have jurisdiction unless defendant was not arrested, and the testimony of defendant himself makes it clear to us that he was arrested and that he knew that he was under arrest. The mere fact that defendant paid under protest made the payment nonetheless voluntary. The payment was voluntary in this case even though it was made under protest, for there was no allegation or proof of duress of any sort: De La Cuesta v. Insurance Co. of North America et al., 136 Pa. 62, 78-79; Union Insurance Co. v. The City of Allegheny, 101 Pa. 250. Peebles and Wife v. The City of Pittsburgh, 101 Pa. 304.

Since the officer definitely testified that defendant exceeded the speed limit and defendant nowhere denies this, we should apply the rule long ago laid down by the Supreme Court in the case of Commonwealth v. Burkhart, 23 Pa. 521: "The Courts are no longer astute in discovering defects in such proceedings."

## Order

And now, May 1, 1950, upon careful consideration of the petition of defendant, the prayer of the petition is denied and the writ of certiorari will not be directed to issue. Petitioner is directed to pay the costs.