## Commonwealth v. Doloff

*J. Lawrence Grim,* for defendant.

SATTERTHWAITE, J., July 9, 1954.—Despite the decisions of this court in Commonwealth v. Clark, 2 Bucks

Co. 1, and Commonwealth v. Satterthwaite, 2 Bucks Co. 2, defendant asks us to review on certiorari the sufficiency of the evidence leading to her conviction before a justice of the peace in summary proceedings on a charge of speeding in violation of The Vehicle Code, notwithstanding that she has voluntarily paid the fine and costs imposed by the justice. We reiterate that we will not review such cases on certiorari. Since the judgment of sentence has been fully complied with, the case has come to an end and there is nothing to review. Questions now attempted to be raised have become moot, even if we could otherwise pass on them, a matter we need not decide. See Commonwealth ex rel. v. Konas, 57 Pa. Superior Ct. 629, 632, and other cases cited in Commonwealth v. Clark, supra. Compare Commonwealth v. Kramer, 162 Pa. Superior Ct. 448.

Although defendant's petition for allocatur alleges that the fine and costs were paid under protest, which allegation is not substantiated by the transcript of the justice of the peace, nevertheless, even if this be true, such fact does not make the payment any the less voluntary: Commonwealth v. Strickland, 71 D. & C. 104, 108.

As pointed out in Commonwealth v. Sharpless et al., 5 D. & C. 599, where this whole subject is exhaustively reviewed, defendant had at least two other options before the justice of the peace in addition to the course she actually pursued: She could have waived the summary hearing and had the case heard before the court of quarter sessions initially (Section 1204(b) of The Vehicle Code, 75 PS §734), or she could have taken her chances before the justice of the peace and after conviction, notwithstanding the payment of the fine and costs or even without payment thereof, upon cause shown have then taken an appeal to the court of quarter sessions where the case would have been heard

de novo: Section 1204(a) of The Vehicle Code, supra; Act of April 17, 1876, P. L. 29, as amended, 19 PS §1189.

Having failed to choose these equally available remedies, it cannot now be said that she proceeded involuntarily even though she says she paid the fine and costs under protest. Her failure, even in her own petition to this court, to deny her guilt of the violation significantly points out the obvious reason why such other courses were not pursued.

The cases cited on defendant's behalf are not in conflict with these views. Commonwealth v. Feyka, 62 D. & C. 353, was an appeal from a summary conviction and was not heard on certiorari. Commonwealth v. Loos, 67 D. & C. 586, did not even involve a summary conviction; the question there was the propriety of a license suspension ordered by the Secretary of Revenue for a violation of The Vehicle Code. While Commonwealth v. Leitzel, 40 D. & C. 410, and Commonwealth v. Arcara, 81 D. & C. 42, both were cases coming before the court of common pleas on certiorari, in neither did it appear that the fine and costs had been paid to the justice of the peace. In neither was the question raised or considered. In the former, the inference is that the fine and costs were not paid, as no order of restitution was made and defendant was "discharged". In the latter case, we do not regard Judge Corson's order, entered without discussion and directing restitution of the fine and costs "if paid by defendant", as a precedent for the question now before us; even if it was, we must respectfully disagree. (That such order of restitution, in any event, was inadvertently entered in that case is demonstrated, we believe, by the opinion of the same jurist in the earlier decision of Commonwealth v. Stamm, 43 D. & C. 210, in which restitution was expressly refused although defendant's position in proceedings on certiorari was sustained on

the merits. Compare Commonwealth v. Williamson, 2 Bucks Co. 71, wherein we held that even though the court might properly consider this type of case on certiorari under other circumstances, as where the justice of the peace did not have jurisdiction, a question which is never waived, nevertheless, restitution of the fine and costs would not be ordered in such proceedings.)

In the present case, no jurisdictional question arises. The information clearly shows the statutory authority of the justice to hear the case and there is not the slightest indication in the record to the contrary.

*Order*

And now, July 9, 1954, the writ of certiorari is quashed.