## Commonwealth v. Deisroth

*Claire G. Biehn* and *John E. Cotsack*, for defendant.

SATTERTHWAITE, J., November 1, 1954.—This opinion is prepared in order to set forth the reasons for the order herein entered by this court on September 24, 1954, quashing the writ of certiorari, the court having learned by chance of an appeal to the Superior Court therefrom. Rule 43 of that court has not been complied with.

The occasion for the summary proceedings before the justice of the peace in this case was an information filed by a State police officer charging defendant with speeding, in violation of section 1002, subsec. (b) (6), of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §501. The transcript shows that registered mail notice, as required by section 1202(a) of the code, 75 PS §732, was timely served on defendant who, together with her attorney, voluntarily appeared. A hearing was held, after which defendant was found guilty and sentenced to pay the prescribed fine of $10 and costs. Defendant did not testify on her own behalf. Subse-

quently, a writ of certiorari was allowed by this court, and upon the return of the record by the justice, defendant's exceptions thereto came on for argument in due course. The aforementioned order quashing the writ was then entered.

The writ was quashed for the reason that the questions raised in the petition therefor and in the exceptions to the record of the justice of the peace have become moot: The fine and costs having been paid, the judgment of sentence has been fully complied with, the summary proceedings have come to an end and the certiorari brings up nothing to review: Commonwealth v. Gipner, 118 Pa. 379; Township of Haverford v. Armstrong et al., 76 Pa. Superior Ct. 152; Commonwealth v. Sharpless, 5 D. & C. 599 (which contains an exhaustive review of the authorities on the question) ; Commonwealth v. Hurley, 6 D. & C. 593; Commonwealth v. Strickland, 71 D. & C. 104; Commonwealth v. Clark, 2 Bucks 1; Commonwealth v. Satterthwaite, 2 Bucks 2; Commonwealth v. Doloff, 89 D. & C. 458.

This same rule applied to *appeals* from summary convictions, prior to 1925: Commonwealth v. Yocum, 37 Pa. Superior Ct. 237; Commonwealth ex rel. v. Konas, 57 Pa. Superior Ct. 629; City of McKeesport v. Dunn, 83 Pa. Superior Ct. 194. It is only because of the Act of April 1, 1925, P. L. 98, amending the Act of April 17, 1876, P. L. 29, 19 PS §1189, that such an *appeal* may now be allowed "even though any fine imposed has already been paid". See also section 1204 (*d*) of The Vehicle Code, 75 PS §734. These acts do not cover, and hence do not change the prior law as to cases coming up *on certiorari*. See Commonwealth v. Stamm, 43 D. & C. 210, 214, and Commonwealth v. Williamson, 84 D. & C. 342, 346, holding that the restitution provisions of section 1204 (*d*) of The Vehicle Code apply only to *appeals* and not to cases

brought up by certiorari. Compare Commonwealth v. Kramer, 162 Pa. Superior Ct. 448, where the Superior Court applied the general rule in quashing an appeal to that court where the fine imposed by the trial court had been paid, pointing out that the Act of 1925 related only to appeals from summary convictions and had no application where the offense involved was a misdemeanor.

The fact that the payment of the fine and costs does not affirmatively appear in the transcript of the justice of the peace seems totally immaterial. Such payment was conceded at the bar of this court at argument and inferentially is necessarily established by the transcript itself. No jail sentence was imposed in default of payment as would have been required by section 1002 of the code. No bond or bail was taken for defendant's further appearance or future payment thereof, even had such procedure been authorized, a question we need not decide. While this exact question does not seem to have arisen in any of the cases cited above, it does appear in at least one of them that the fact of payment of the fine and costs came before the court, not on the transcript of the justice, but rather in the petition for certiorari: Commonwealth v. Strickland, 71 D. & C. 104, 107.

We conclude that if the moot nature of the case appears in any fashion, and there neither is nor could be any question about such conclusion, this court will act of its own motion in refusing to clutter its already overcrowded calendar therewith. In the present case there can be no question but that these proceedings actually were closed and ended on the records of the justice prior to the application for the writ of certiorari. We certainly will not assume that he, after finding defendant guilty, simply released her without satisfaction of the mandatory sentence imposed by the code.

The fact that the fine and costs may be stated to have been paid "under protest" is also immaterial; even if this be true, the payment was nonetheless voluntary: Commonwealth v. Strickland, 71 D. & C. 104, 108. Compare City of McKeesport v. Dunn, 83 Pa. Superior Ct. 194, so holding in the case of an appeal from a summary conviction prior to the Act of 1925, supra. Having failed either to waive the summary hearing and cause the case to be heard before the court of quarter sessions initially under section 1204 (b) of The Vehicle Code, or upon cause shown to appeal to that court under section 1204 (a) of the code, defendant cannot now be heard to say that she proceeded involuntarily even though paying the fine and costs under protest. Her failure in her petition to this court to deny her guilt of the offense of which she was charged points out her obvious reason for not following such other courses and for her insistence on almost specious technicalities in the present proceedings.

We do not intend by this opinion in any way to detract from or otherwise affect our decision in Commonwealth v. Williamson, 84 D. & C. 342, holding that questions of jurisdiction of a justice of the peace over the subject matter of the summary conviction may be reviewed on certiorari notwithstanding the voluntary payment of fine and costs; such matters going to jurisdiction are never waived. However, this principle does not help defendant inasmuch as the arguments made in her behalf in this connection are simply not well founded in fact and are totally without any legal merit.

For example, the exceptions contended that it does not appear in what municipality the violation is alleged to have occurred. However, the information clearly and unequivocally states that the offense took place in West Rockhill Township, Bucks County, Pa., and there can be no doubt, from the transcript, that the justice

of the peace was duly commissioned in that municipality. Although the question is not referred to either in the petition for certiorari or in the exceptions to the return of the justice of the peace, it is further argued in the brief on behalf of defendant, apparently as an afterthought, that it does not appear that defendant was taken to the nearest available justice of the peace within the township. The recent decision of the Superior Court in Commonwealth v. Coldsmith, 176 Pa. Superior Ct. 283, clearly demonstrates the lack of merit in this position. The court there pointed out, at page 285, as follows:

"Where the defendant is brought before a justice of the peace in the same township as the situs of the offense, it is presumed he is the nearest available magistrate, and the defendant has the burden of proving the contrary."

Defendant also apparently questions the jurisdiction of the justice of the peace on the ground that more than 10 days elapsed between the date of the summons, March 26, 1954, and the date of the hearing, April 8, 1954, citing Commonwealth v. Schillinger, 59 D. & C. 326, and Commonwealth v. Swabb, an unreported decision of this court, October term, 1950, no. 115. This objection is also without merit and the authorities cited are not in point.

The Swabb case was merely an order discharging defendant on certiorari without opinion. Inasmuch as there were many objections filed in that case and the record was clearly defective on other grounds, it has no value as a precedent here. The Schillinger case also is not applicable since there the notice sent out by the justice of the peace, dated November 13, 1946, required defendant to appear on the definite date of November 27, 1946, a period clearly in excess of the 10 days provided by section 1202(a) of The Vehicle Code, 75 PS §732.

In the present case, however, the transcript discloses that on March 26, 1954, notice was sent to defendant, Hilda M. Deisroth, 712 W. Diamond St., Hazleton, Pa., notifying her that if she did not voluntarily appear to answer the information enclosed within 10 days after the date of such notice, a warrant would be served as provided by law. Whether or not defendant appeared within the 10-day period is not disclosed by the transcript. In any event, the conclusion is inescapable that either she or her attorney communicated with the justice to arrange a time for a hearing. The return of the justice also encloses a copy of a letter dated April 5, 1954, from the justice of the peace addressed, not to defendant, but to her attorney, John E. Cotsack, 211 Hazleton National Bank Building, Hazleton, Pa., advising him that a date for hearing had been fixed for April 8, 1954. On the latter date, defendant appeared with said attorney, and the hearing was duly held. Under such circumstances, the prescribed notice having been given to defendant personally, and a hearing date arranged apparently to suit the convenience of counsel, defendant cannot now be heard to complain of the fact that no warrant was ever issued whereby she would have been bodily arrested.

The justice of the peace unquestionably acquired jurisdiction over the person of defendant and manifestly had jurisdiction over the subject matter of the charge against her. The fine and costs having been paid, we do not pass upon the sufficiency of the evidence as disclosed by the transcript to justify the conviction. The questions thus attempted to be raised are no longer open for judicial review.

One further feature of this case requires mention. Some of the objections to the jurisdiction of the justice of the peace apparently were based on a transcript furnished to defendant at the conclusion of the hear-

ing. This transcript was incomplete, according to a photostatic copy thereof filed with defendant's brief, and did not disclose all the facts shown in the transcript actually filed by the justice in his return to this court. The occasion for this variance does not appear in the record. To that extent, and to that extent only, this case differs from Commonwealth v. Markle, 70 D. & C. 607, where the attorney for defendant, in an overly solicitous gesture of helpfulness, himself prepared a transcript at the close of the hearing and incorporated therein, by either inadvertence or design, certain errors and irregularities, and persuaded the justice to certify it as a true copy from his docket, when in fact no entries had yet been made in the docket. The attorney, curiously the same individual who represents defendant in the instant case, not a member of our bar, then had the temerity to argue to the Court of Common Pleas of Columbia County that he could take advantage of such errors and irregularities appearing in the copy of the transcript so given him. That court realistically held that counsel's position was without merit and that the transcript as returned to the court was controlling.

We are inclined to follow the reasoning in the Markle case; it was the duty of the justice to make a return to this court correctly setting forth all the relevant facts relating to the proceedings before him. He was not bound by the transcript given defendant immediately after the hearing in the absence of most unusual circumstances, not apparent in this case. If his subsequent return as sent up to this court is not correct in point of fact, defendant has her appropriate remedy against him.

And now, November 1, 1954, the within opinion is directed to be filed and made a part of the record in the above-entitled case.