## Commonwealth v. May

*Raymond R. Stuart*, District Attorney, for Commonwealth.

*Samuel M. Tollen*, for appellants.

DIGGINS, J., August 20, 1956.—This case comes before the court on appeals from summary convictions on a charge of breach of the peace.

The record discloses that on Sunday, April 22, 1956, at 8:15 p.m., eastern daylight saving time, peace officers of the County of Delaware entered the premises at 508 West Third Street, Chester, which was a meeting house of an association known as the 7th Ward

Veterans Club. This club holds no liquor license of any kind.

At the time the officers entered, a group of men were sitting around tables playing cards and liquor was being served. On the bar was a box with a sign indicating that donations might be dropped therein and the evidence further disclosed that the reputed practice was that when drinks were served, no fixed price therefor was demanded but the individual might drop in the donation box any amount he chose, and there was some evidence to the effect that the donation was not obligatory, but no evidence that this latter privilege had ever been exercised.

Some 13 individuals were arrested, 2 of whom were held for court as violators of the Liquor Code of April 12, 1951, P. L. 90, and 11 were given hearings before a magistrate and charged with breach of the peace. Nine of these defendants appeared and entered pleas of guilty and were sentenced to pay a fine of $10 and costs, which fine and costs were paid apparently not by the individuals but by someone allegedly using club funds, and thereafter appeals from the summary conviction on behalf of the 11 defendants were filed and the District Attorney filed a motion to quash the appeals, alleging that the transcript shows that 7 of the appellants had pleaded guilty, were sentenced and paid the fine and costs.

It is these appeals that are now before the court for disposition. Four of the appellants, to wit, Eugene Antonelli, Frank N. Talarico, Bartholomew Feliziana, a/k/a Bartholomew Telagmanio, and Edward C. Leonard did not appear at the time the hearing was held on the appeals (all being heard together). Therefore, these four appeals must be dismissed for want of prosecution.

There is little or no dispute as to the facts. The

principal contentions of defendants fall into two categories: (1) That their sitting around and peacefully drinking liquor did not constitute a breach of the peace; and (2) that they were misled into pleading guilty. It is the contention of the Commonwealth that the Liquor Code of April 12, 1951, P. L. 90, 47 PS §6-611, makes the conduct of defendants here a breach of the peace and they point to a case in Montgomery County (Commonwealth v. Wingel, 32 D. & C. 75) wherein the court, Dannehower, J., held such conduct to be a breach of the peace and as such made defendants subject to arrest on Sunday.

In our opinion, the rule in Commonwealth v. Wingel, supra, is, to say the least, not free from doubt first, because the act of assembly relied upon in that case as well as in the present case which makes such conduct an offense makes it a misdemeanor specifically, and in the Wingel case, supra, the issue on a motion to quash the indictments was whether or not the offense constituted a breach of the peace justifying arrest on Sunday and the court held that it was such a breach of the peace and refused to quash the indictments.

A similar question arose in Delaware County in 1895 when former Chief Justice William I. Schaffer was District Attorney (Commonwealth v. DePuyter, 16 Pa. C. C. 589) and the court held that a violation of the then liquor law was not a breach of the peace and warrants on Sunday could not be sustained.

Here these are not misdemeanors based on the Liquor Code, they are summary convictions at common law, breach of the peace, and historically arrests for this offense are not permitted on Sunday, but that issue is not presented to us nor pressed. What we have to determine is whether or not the pleas of guilty preclude defendants' right to prevail in the appeals.

To begin with, we do not see how sitting around quietly consuming liquor, even though illegally ob-

tained, is a breach of the peace. However, a serious barrier to defendants' appeals is the plea of guilty entered before the magistrate as shown by the magistrate's docket, which reads as follows:

"Each defendant plead guilty to the charge of breach of the peace. They were adjudged guilty. Each man is sentenced to pay a fine of $10 and costs of $9, or 10 days in the County Jail. Fine and costs paid. Defendants discharged."

These defendants do not contend that the pleas of guilty were not entered. What they say is that they were led to believe that the effect of such pleas was merely admitting that they were present in the club when the arrests were made. A consideration of all of the testimony as to what happened in the magistrate's office presents this picture. Nine of the 11 appellants were present and the Commonwealth presented its case in the normal way. Then the man who subsequently paid the fine and costs for defendants and who was acting as their spokesman was asked by some of these appellants either what was meant or what was the effect of the plea and he very likely did say, "Well, it just means that you were there". We are convinced that what he was trying to do was get these men out of the situation by the quickest and easiest route.

It will be noted that two of the 11 appellants, to wit, Talarico and Feliziani (a/k/a Telagmanio), apparently were not present when the pleas were entered and the fines and costs paid. The record shows that the magistrate called the roll of defendants and somebody answered "Here" for each of these 11. Where the other 2 were is not shown nor does the record show that they had been in the magistrate's office and were merely outside taking a smoke. This might cause a complication as to these 2 men except that they were 2 of the 4 who did not appear to press their appeals.

So far as appearances are concerned, they have just blithely ignored all proceedings. As a matter of fact, it is our opinion from our observations made in the court room that these appeals were sponsored by the same man who paid the fine and costs, one Ernest Carletti, a brother of one of the appellants.

As to the 9 appellants who were present and who knew that the pleas of guilty were entered and on whose behalf the fine and costs were paid, we think they are bound by these pleas of guilty entered under these circumstances. This rule of law was established in Commonwealth v. Gipner, 118 Pa. 379, and in Commonwealth v. Appold, 19 York 31, also published, interestingly enough, in 19 Del. Co. 479.

Viewing these appeals in the best light from appellants' viewpoint, we think that they were misinformed as to the effect of the pleas by someone in their own group who had no legal responsibility. The Commonwealth's officers did not do it, the magistrate did not do it, which in itself would be sufficient ground to dismiss these appeals.

We further think that just as the pleas were entered by Ernest Carletti, these appeals were taken by him in an effort to recoup the fine and costs and therefore these appeals must be dismissed and we, therefore, make the following

*Order*

And now, to wit, August 20, 1956, the appeals of Eugene Antonelli, Frank N. Talarico, Edward C. Leonard and Bartholomew Feliziana, a/k/a Bartholomew Telagmanio, be dismissed for lack of prosecution, and the appeals of James May, Louis F. Carletti, John J. May, Thomas E. Halloran, George M. Borgese, Antonio Comparone and Michael Dudzinski be and they are hereby dismissed for the reason that the record shows that pleas of guilty were entered by each of them and the fine and costs were paid.