## Schwartz Bros. *v.* Adams Express Company, Appellant.

*Justices of the peace—Judgments—Certiorari—When issued—Laches.*

A writ of certiorari to review the judgment of a justice of the peace must be issued within 20 days after the defendant has notice of the judgment, and if it is not issued within that time the defendant is guilty of laches and the judgment will be affirmed.

Argued October 25, 1920. Appeal, No. 11, Oct. T., 1920, by defendant, from judgment of C. P. Blair County, Jan. T., 1919, No. 128, affirming judgment of a justice of the peace in the case of Leopold Schwartz and Nathan Schwartz, trading as Schwartz Bros., v. Adams Express Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Certiorari to review judgment of the justice of the peace. Before BALDRIGE, P. J.

The facts are stated in the opinion of the Superior Court.

The court affirmed the judgment. Defendant appealed.

*Error assigned* was the decree of the court.

*J. D. Hicks* and *Thomas H. Greevy,* for appellant.

*Homer Smith,* of *Sheeline & Smith,* for appellee.

OPINION BY ORLADY, P. J., March 5, 1921:

The record discloses that a summons was issued at the instance of the plaintiff's agent against the defendant on November 25, 1918, by an alderman in the City of Altoona. On November 26, 1918, the constable made the return that he had handed a true and attested copy of the summons to W. H. Spare, agent of the Adams Express Company. On November 30, 1918, the return day, the defendants not appearing, a judgment was entered against the defendant for the sum of $265.42. On January 24, 1919, an execution was issued, but pursuant to an agreement between the attorney for the plaintiff and the agent for the defendant company, the writ was stayed pending settlement, as stated. A writ of certiorari was issued out of the Common Pleas on February 27, 1919.

From the above it appears that 89 days had elapsed after the entry of judgment before the alderman, and 34 days after the defendant had notice of the judgment against it.

Where a party has been prevented from appealing by fraud or by the ignorant or negligent act of a court official, it has been held that the court has power to extend the time for taking an appeal. But where no fraud or anything equal thereto is shown, no such appeal can be allowed. Even the mistake or negligence of the attorney for party desiring to appeal, is not sufficient ground for relief: Wise v. Cambridge Springs Borough, 262 Pa. 139.

In the case before us it is not suggested that there was any trick, artifice or fraud used by any one to take advantage of the defendant. It was simply a very usual oversight of duties when fixed for particular dates: Guyer v. Bedford County, 49 Pa. Superior Ct. 60; McIlhaney v. Holland, 111 Pa. 634. The certiorari was taken out more than 20 days after the entry of judgment, and after the defendant had notice of such an entry.

The appeal is quashed.