Laska *v.* Zelazowski, Appellant.

312

Argued October 17, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Samuel B. Brenner,* of *Brenner & Brenner,* for appellant.

*W. A. Hamilton,* with him *Robert E. Erwin* and *Francis Chapman,* for appellee.

OPINION BY BALDRIGE, J., January 31, 1939:

This is an appeal from the judgment entered by the municipal court dismissing exceptions filed to a magistrate's record brought into the court on a writ of certiorari issued twenty-two months after the judgment had been entered.

It appeared from the magistrate's docket that the plaintiff instituted a proceeding under the provisions of the Act approved April 3, 1830, P. L. 187, §1 (68 PS §391) to regain possession of certain premises in Philadelphia leased to the defendant under a monthly term agreement, as the lessee failed to pay the monthly rental due on March 1, 1936.

The appellant in his exceptions claimed that the magistrate had no jurisdiction as the notice to vacate was illegal, having been served on Sunday; that it was insufficient as it notified the defendant to vacate the premises within fifteen days; and, finally, that the record failed to show that any rent was in arrear when the notice was served.

There was no specific exception to the service of the notice on Sunday, nor is it covered by any assignment of error. That question was apparently not raised or considered in the lower court, and may, therefore, be entirely disregarded: *Penna. R. R. Co. v. Penna.-Ohio Elec. Co.,* 296 Pa. 40, 46, 145 A. 686; *Glenwood-Progressive B. & L. Assn. Case,* 129 Pa. Superior Ct. 249, 255, 195 A. 766.

In considering the other alleged deficiencies, it must be borne in mind that the magistrate had power to hear and determine cases of the general class to which this proceeding belongs; therefore, there was not a fundamental lack of jurisdiction of the subject-matter or of the form of action: *Foltz v. St. Louis & S. F. Rwy. Co.,* 60 Fed. 316; 15 C. J. 734.

The 21st section of the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161 (42 PS §951) provides: "That no judgment shall be set aside in pursuance of a writ of certiorari, unless the writ is issued within twenty days after judgment was entered and served within five days thereafter." This limitation is not applicable where a magistrate has no jurisdiction of the subject-matter of the action; but if he has unquestionable jurisdiction of the cause and form of action, irregularities of procedure may be waived.

It is frequently said that it is never too late to take advantage of the lack of jurisdiction. That statement is true only when the defendant has no notice of the judgment against him or knowledge of facts sufficient to put him on inquiry, or if the magistrate could not acquire jurisdiction by consent. That is not the case

here. A summons was properly served, a hearing was had on the day appointed, so that defendant had an opportunity to be heard, and a judgment was entered. The surrender of the premises on May 12, 1936, pursuant to the writ of possession issued by the magistrate, conclusively shows that the defendant had full knowledge of the judgment. The alleged irregularities appearing on the record were of such a character that they could have been, and in our judgment were, waived by defendant.

In *Wahl v. Poore,* 46 Pa. Superior Ct. 630, 633, where a judgment was entered by a justice of the peace against a garnishee in an attachment proceeding and the garnishee failed to sue out a certiorari for more than twenty days after the judgment and the jurisdiction was attacked because the attachment execution was not preceded by an execution with a return of "no goods," we said: "While it has been held that lack of jurisdiction of the justice over the subject-matter or the parties will prevent the strict enforcement of this statutory provision *(Lacock v. White,* 19 Pa. 495; *Graver v. Fehr,* 89 Pa. 460), no case has been brought to our attention which holds that irregularity of procedure, which the party may waive, may be taken advantage of by certiorari at any time that the party sees fit to sue out the writ."

The courts have given an equitable interpretation to the limitation imposed by the Act of 1810, supra, and have held in many cases where fundamental deficiencies appear in a record that a certiorari may be issued after twenty days. But it has also been held that the defendant must, in such case, sue out the writ within a reasonable time, which means within twenty days after knowledge that the judgment has been entered: *Schwartz v. Adams Express Co.,* 75 Pa. Superior Ct. 402.

In *Sprowls v. Ealy et al.,* 24 D. & C. 377, 387, the defendant and garnishee in a judgment that had been obtained against them caused a writ of certiorari to be issued. Objections to the judgment alleged that the

hearing should have been held within four days after the service, and it did not appear that this requirement was complied with. The question arose whether the judgment could be reviewed and set aside upon the certiorari which was not taken until more than three months after the date of the judgment. The late Judge BROWNSON, for whose views this court has always had a high regard, said in his opinion:

"In applying this rule of equitable interpretation, the question of laches is to be considered: *Schwartz Brothers v. Adams Express Co.*, 75 Pa. Superior Ct. 402; *Wasser v. Brown*, 1 Luz. L. R. Rep. 341. When the defendant had actual knowledge of the pendency of the action, as this defendant had, having been personally served, he was put on inquiry . . . . . .

"Without stopping to consider whether the failure of the record to show that the date of service was four days prior to the hearing, and its failure to show that proof of service was made on oath, had the effect of rendering the entry of judgment merely a procedural error such as can be reviewed only upon a certiorari issued strictly within the limitation period of 20 days, or whether, on the other hand, these failures constituted such defects or deficiencies in the record as to render the judgment reviewable on a writ issued after the 20 days, my conclusion is that in either event the defendant's unexcused and unexplained delay to act for so long a period as the facts of this case exhibit was unreasonable, amounted to laches, and operates as an obstacle to his having this judgment now reviewed and set aside."

We are of the opinion that the defendant's delay of twenty-two months in having a certiorari issued deprived him of the right to question the validity of this judgment.

Judgment affirmed.