## Tappan v. Sementino

*Ralph P. Carey*, for plaintiff.

*James W. Scanlon* and *James M. Howley*, for defendant.

HOBAN, P. J., April 12, 1957.—At the instance of plaintiff a summons was issued by Justice of the Peace Lilli, of Old Forge, on December 21, 1956. Constable Monelli served the summons on December 26, 1956, the return date of the summons being December 28, 1956, between 8 and 8:30 p.m. The record shows that a hearing was held at that time; plaintiff and a witness appeared and testified; defendant failed to appear and judgment was thereupon entered for plaintiff in the sum of $143.08, plus interest and costs. No appeal was taken or perfected within 20 days from the date of judgment and this writ of certiorari was issued February 4, 1957.

If the foregoing were the simple facts involved, there would be no question that defendant would be out of court for failure to proceed by appeal or by certiorari within the time prescribed, to wit, 20 days from the time of entry of judgment. But the record also shows that the summons was issued in trespass, that on December 27, 1956, the justice of the peace received a telephone call from a person purporting to be a claims

manager of defendant's insurance carrier, who stated that the accident was not the fault of their assured and that they would not appear at the hearing. It subsequently appears that on January 23, 1957, the justice of the peace wrote to defendant informing him that a judgment had been entered against him on December 28, 1956, and notifying him that since the judgment was not satisfied a levy would be made. Again, the justice of the peace received a reply from one Quigley, purporting to be a claims manager for defendant's insurance carrier, requesting that the judgment be appealed from. This letter from Quigley was dated January 29, 1957.

Viewing these added circumstances, defendant would still be without any remedy, for clearly defendant cannot ignore a valid summons and avoid a judgment entered on proceedings thereto properly conducted. Defendant, however, obtained a writ of certiorari out of this court on February 4, 1957, in the nature of a certiorari sur diminution of record, and by petition now submits that the summons in the action as served upon defendant was a summons in assumpsit and not in trespass, and asks this court to take testimony on the matter to determine the true nature of the action which defendant was summoned to answer. We think there is no question but that if the action was commenced in assumpsit and not in trespass, there is a fatal variance which would require the reversal of the proceedings on certiorari. See Geisen v. Conrad, 85 D. & C. 219; Van Fleet v. Stone, 29 Lack. Jur. 161. If the action had been truly in assumpsit, or if defendant had been properly served in an action in trespass, his own laches would bar him from proceeding. See Schwartz Bros. v. Adams Express Co., 75 Pa. Superior Ct. 402; Wallace v. Piccotti, 41 Lack. Jur. 187; McCann Clothiers v. Tolerico, 46 Lack. Jur. 36. It is only where defendant has had no notice of the judgment

against him that he can proceed by certiorari after the statutory time has elapsed, and then only within 20 days of the time that notice of the judgment was brought home to defendant.

Assuming that defendant here was served in what purported to be an action of assumpsit, his own failure to appear and contest the action or take other appropriate process within the statutory time would be a bar to him if in fact the action was truly in assumpsit, for he would be held to know that if he failed to appear he was subject to have judgment taken in his absence, but if he was served in assumpsit he had no reason to believe that a judgment on an entirely different cause of action would be entered against him, and according to the record the first knowledge that defendant had that judgment was entered against him in trespass was through a letter from the justice of the peace dated January 23, 1957, in response to which defendant or his agent attempted to take prompt action to question its validity.

We are, of course, faced with the proposition that the record, the transcript of which is submitted by the justice of the peace, cannot be questioned, but it is for the purpose of proving the accuracy of such a record, that a certiorari sur diminution is permitted. With defendant's petition to take testimony is submitted a photostatic copy of the summons purported to be served on him and which is clearly a summons in assumpsit and not in trespass. The record as submitted by the justice of the peace shows that the same form of summons was used but that a line was drawn through the word "assumpsit" and the word "trespass" written over it in handwriting. Under the circumstances it seems that defendant ought to have a right to question the jurisdiction of the alderman to enter the judgment in question, as defendant had no reason to believe that his default in appearance would lead

to a judgment on a cause of action other than that pleaded, and upon being informed of the fact has taken timely action. There seems to be no exact authority on the matter but it seems to us that sound principles of judicial administration should permit examination into the facts to determine whether the service on defendant was sufficient to bring him into court in an action of trespass. If not, the judgment should be reversed. Accordingly,

Now, April 12, 1957, the rule to show cause why testimony should not be taken to establish the facts for the purpose of diminution of the record submitted by Justice Lilli is made absolute, testimony to be taken in open court on August 26, 1957, at 9:30 a.m.

### Opinion after Hearing

EAGEN, J., August 28, 1957.—Plaintiff sued defendant before a justice of the peace for damages caused his motor vehicle through the alleged negligence of defendant. The latter failed to appear at the designated time for hearing and after presentation of plaintiff's testimony concerning the accident involved, judgment was entered in favor of plaintiff for the full amount of his claim.

No appeal was taken or perfected within the statutory time limit but defendant did cause a writ of certiorari to issue in the nature of a certiorari sur diminution of the record. The legal accuracy of the record of the justice of the peace is now before us.

It appears conclusively that while the nature of the action was in trespass, the summons issued and served upon defendant was inadvertently in assumpsit. The judgment entered was in trespass. This is a fatal variance and error: Geisen v. Conrad, 85 D. & C. 219 (1953).

Therefore, this August 28, 1957, the judgment is reversed. Costs to be paid by plaintiff.