Commonwealth *v.* Quinn, Appellant.

Argued June 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Francis J. Morrissey, Jr.,* with him *Francis X. Quinn,* and *Dolan & Morrissey,* for appellant.

*Paul W. Tressler,* Assistant District Attorney, with him *Richard A. Devlin,* Assistant District Attorney,

*Parker H. Wilson,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., September 11, 1969:

Appellant was arrested on October 20, 1968 in Lower Merion Township, Montgomery County, Pennsylvania, by a police officer of that township who signed a complaint against him before Robert P. Johnson, a Justice of the Peace of that township, charging that, as a minor, 20 years of age, appellant had unlawfully consumed alcohol, etc., namely beer, in violation of Section 675.1 of The Penal Code of 1939, as amended, 18 P.S. §4675.1. On the same day appellant was arraigned, he waived a Sunday hearing, pleaded guilty, and paid a fine of $25 and $11 costs.

On October 24, 1968 appellant, through his father, Francis X. Quinn, Esquire, a lawyer, requested a full hearing, which was granted and held on October 28, 1968. The arresting officer gave testimony, which included a statement that he had not seen appellant drinking. Appellant's motion for dismissal of the charges, based, inter alia, on his contention that the Justice of the Peace lacked jurisdiction, was refused. Thereupon, appellant changed his plea to not guilty but offered no testimony. He was found guilty of violating Section 675.1, aforesaid, and fined $25 and $11 costs. The money previously paid by him was, without objection, applied to the fine and costs which were imposed following the finding of guilt after the hearing. Appellant was at liberty at all times after he had paid the fine and costs imposed on his original plea of guilty.

No appeal was taken from the decision of the magistrate but on November 6, 1968 a petition for writ of certiorari was filed in the Court of Common Pleas of

Montgomery County. No bail was given pursuant to the Act of April 17, 1876, P. L. 29, §1, as amended, 19 P.S. §1189. The writ issued and the magistrate returned a transcript of his record, to which no exceptions were filed as required by Montgomery County Common Pleas Rule 919(d). Nevertheless, the matter was argued and briefs were filed. The lower court quashed the writ of certiorari for the reason that appellant, by electing to pay his fine and costs rather than post bond, had precluded himself from challenging technical errors that may have been disclosed on the transcript of the magistrate's record.

That the appellant paid the fine and costs voluntarily is not open to dispute. Initially he entered a plea of guilty, paid the fine and costs imposed on him, and was released. Thereafter, although he requested a hearing, he did not request a return of the money he had paid and voluntarily permitted it to remain in the hands of the magistrate. Whether the magistrate had the right to return it or to allow a full hearing after the fine and costs had been paid need not be decided since, in our view of the situation, appellant must be held to have voluntarily made the payment either upon his original plea of guilty or by not objecting to its application to the fine and costs after the hearing.

Prior to the Act of 1876, hereinbefore mentioned, voluntary payment of the fine and costs imposed in a summary proceeding ended the case and the defendant could not appeal or have the proceeding reviewed on certiorari. *Commonwealth v. F. M. Gipner,* 118 Pa. 379, 12 A. 306 (1888); *Commonwealth v. Kramer,* 162 Pa. Superior Ct. 448, 58 A. 2d 193 (1948); *Township of Haverford v. Armstrong,* 76 Pa. Superior Ct. 152 (1921); *Commonwealth ex rel. v. Konas,* 57 Pa. Superior Ct. 629 (1914); *Commonwealth v. Yocum,* 37 Pa.

Superior Ct. 237 (1908).[1] Although appeals may now be taken to the Quarter Sessions Court in such cases after payment of fine and costs under the Act of April 17, 1876, P. L. 29, §1, as amended, 19 P.S. §1189, there has been no change in the law as stated in the aforesaid cases with respect to certiorari proceedings in the Common Pleas Court.[2]

Appellant argues that the circumstances of this case bring it within an exception to the foregoing rule. He contends that where the magistrate lacks jurisdiction to decide the case, it is reviewable by certiorari even though the fine and costs have been paid. *Commonwealth v. Barbono*, 56 Pa. Superior Ct. 637 (1914), cited by appellant, does not support his contention for the reason that, as pointed out by President Judge RICE therein, the fine and costs in that case were paid involuntarily by the defendant to obtain release from imprisonment which had been wrongfully imposed on him for his failure to pay his fine. However, in *Commonwealth v. Declimendo*, 56 Pa. Superior Ct. 643, 644 (1914), a companion case to *Commonwealth v. Barbono*, supra, we find in a short opinion by President Judge RICE the following statement: "A voluntary plea of guilty, would have been a waiver of irregularities, but was not a waiver of objection going to the justice's jurisdiction over the subject-matter." The abbreviated report of this case does not disclose whether the fine and costs had been paid by that defendant. However, the right to question the magistrate's jurisdiction of

---

[1] The following quotation is to be found in many of such cases: "The fine and costs having been paid, the judgment of sentence has been fully complied with; the summary proceedings have come to an end and the certiorari brings up nothing to review."

[2] The Minor Judiciary Court Appeals Act of December 2, 1968, 42 P.S. §§3001 to 3009, effective January 1, 1969, modified the procedure for appeals in summary proceedings but retains the procedure as to writs of certiorari "as heretofore provided by law."

the subject matter by certiorari after the fine and costs have been paid was allowed in *Laska v. Zelazowski,* 134 Pa. Superior Ct. 311, 4 A. 2d 207 (1939).

Even viewing this case as possibly coming within the *Laska* exception, we find no grounds to afford appellant relief. It appears to be conceded that the magistrate had jurisdiction of the subject matter and of the form of action. Appellant relies entirely upon the proposition that there was no evidence to establish the fact that he had consumed the alcoholic beverage within the area of the magistrate's jurisdiction since the arresting officer admitted that he had not seen the appellant consume any beer. Apparently appellant is seeking a review of the evidence taken before the magistrate to determine whether it is sufficient to sustain his conviction. If the evidence were insufficient to prove that appellant consumed the alcoholic beverage, it would be immaterial that where or when he had consumed it was not proved. *Commonwealth v. Pincavitch,* 206 Pa. Superior Ct. 539, 214 A. 2d 280 (1965), is authority for the principle that the smell of alcohol on a pedestrian's breath does not justify his arrest without a warrant for a misdemeanor or for a summary offense committed beyond the presence of the arresting officer. Although the sufficiency of the evidence is not reviewable on certiorari, *Wilmington Steamship Co. v. Haas,* 151 Pa. 113, 25 A. 85 (1892), appellant relies on *Commonwealth v. Pennsylvania Milk Products Corporation,* 141 Pa. Superior Ct. 282, 14 A. 2d 571 (1940), as supporting his contention that the transcript of a magistrate must show that an offense was committed within the territorial jurisdiction of the magistrate. We do not agree with his contention. In that case the entire transcript was properly before the court on certiorari; there had been no voluntary payment of fine and costs. Therefore, its review was not limited to the

determination of whether the magistrate had jurisdiction of the subject matter and the finding of lack of territorial jurisdiction was proper.

We have found no cases where it has been held that the determination of the question of jurisdiction of the subject matter has been held to include the question of territorial jurisdiction of the court hearing the case. On the contrary, it would appear to be the law that jurisdiction of the subject matter is to be determined generally and not as to any specific case. *County Construction Company v. Livengood Construction Corporation,* 393 Pa. 39, 142 A. 2d 9 (1958) ; *Witney v. Lebanon City,* 369 Pa. 308, 85 A. 2d 106 (1952). See *Commonwealth ex rel. Ritchey v. McHugh,* 189 Pa. Superior Ct. 515, 151 A. 2d 659 (1959).

Since we are satisfied that the Justice of the Peace had general jurisdiction of the subject matter of this case, the order of the lower court will be affirmed.

Order affirmed.