VOGEL, J.,
— This matter was appealed to the Superior Court of Pennsylvania as the result of an order to this court issued June 9, *171 1970. The order directed that the Commonwealth’s motion to strike petition for writ of certiorari of September 8, 1969, be sustained, thereby dismissing appellant’s requested certiorari originally allowed by this court via petition for allowance of a writ of certiorari, hereafter referred to as petition, of August 14, 1969.
Appellant, Norman L. Clemmer, was arrested on December 31, 1968, on the charge of violating the 12 p.m. curfew for junior operators of motor vehicles, namely, section 604.1(c) of The Vehicle Code. A hearing was held by the district justice, Howard J. Gardner, on March 27, 1969. Appellant paid his .fíne. No appeal was taken from the district justice’s decision but on August 14, 1969, four and one-half months later, appellant filed his petition in the Court of Common Pleas of Montgomery County under the Minor Judiciary Court Appeals Act of December 2, 1968, Act No. 355, sec. 6, 42 PS §3006, effective January 1, 1969.
This court dismissed appellant’s petition because appellant, by electing to pay the fine and costs, had precluded himself from challenging errors that might have been disclosed on the transcript of the district justice and because he failed to bring his petition within a reasonable time. Thus, the two issues involved in this case are whether the hearing of the district justice is reviewable and whether such delay affects the availability of certiorari.
It has long been held that once the fine and costs have voluntarily been paid in a summary judgment case, no writ of certiorari issues.[1] The court of com *172 mon pleas has no power on certiorari to reverse the district justice’s judgment. As explained by Judge Satterthwaite in Commonwealth v. Deisroth, 1 D. & C. 2d 504, 506 (1954), a case in which fine and costs were actually paid under protest, this is so for the following reason:
“. . . The fine and costs having been paid, the judgment of sentence has been fully complied with, the summary proceedings have come to an end and the certiorari brings up nothing to review . . .”
Those few cases which diverged from this point of view did so because the payment was judged to be an involuntary one. Thus, in Commonwealth v. Wagner, 16 D. & C. 2d 162 (1957), the court allowed certiorari even though defendant had paid his fine because it was determined that the justice of the peace’s refusal to accept bond and his requirement that the fine be paid in full before releasing defendant’s impounded vehicle amounted to duress. Also, in Commonwealth v. Barbono, 56 Pa. Superior Ct. 637 (1914), the court held that when defendant was summarily and without authority sentenced to imprisonment in jail, in default of paying the penalty, a subsequent payment of the fine did not bar defendant from seeking certiorari.
In the present case, appellant argues that he also paid his fine involuntarily or, alternatively, that the payment should be construed as bail instead. In paragraph four of his petition, he mentions the statement of the district justice, Howard J. Gardner, in the transcript.
“The defendant offered twice the fine and costs in cash, but only the fine and costs were accepted by the Magistrate. It was the opinion of the Magistrate that this was proper at this time even though the defendant made every effort to pay the additional *173 amount. $70.00 in cash was offered, but only $35.00 was accepted.”
The refusal of the district justice to accept additional money did not render the payment involuntary. A distinction must be drawn between payment under protest regarded as voluntary as long as there is no showing of duress, Commonwealth v. Deisroth, supra, and judicial compulsion as related in the two just mentioned cases. In appellant’s case, there could be no threat of duress. The penalty for violation of section 604.1(c) of The Vehicle Code is simply a $25 fine and costs, i.e., $35; there is no alternative provision for a prison sentence upon failure to pay the fine and certainly, no threat was expressed to the minor by the district justice. What the district justice was saying as described in the transcript was not that appellant must pay his fine but that the payment of double the fine and costs, Act of April 17, 1876, P. L. 291, as amended June 3, 1953, 19 PS §1189, was superfluous as shown by the new Minor Judiciary Court Appeals Act of December 2, 1968, Act 355.
A review of the just mentioned Minor Judiciary Court Appeals Act of December 2, 1968, sec. 3(b) and (c), 42 PS §3003(b) and (c), would indicate that defendant may have been attempting to post bail for an appeal. These sections present alternative methods for payment of a fine, costs and posting of bail to permit an appeal. They stated:
“(b) The defendant shall upon conviction pay to the issuing authority the fine and costs imposed or execute a bail undertaking in the amount of the fine and costs imposed plus twenty-five dollars ($25).
“(c) The appeal from a summary conviction shall be taken within ten days of said conviction by filing *174 with the officer of the common pleas court designated by rule of said court to receive such papers, a notice of appeal and by depositing bail with said officer in the amount of twenty-five dollars ($25), if the fine and costs were paid upon conviction . .
In the present proceeding, if one considers defendant’s action as an attempt to post bail with the district justice according to section 3003(b), he was obviously incorrect as to the amount since the sum of $70 was in excess of the fine and costs, i.e., $35, plus bail of $25 or $60 being the appropriate amount. Be that as it may, such attempted posting of security before the district justice could only be for an appeal as provided by section 3003(c). It is undisputed that no appeal was taken.
Appellant also claims that the court should grant certiorari because the district justice lacked jurisdiction, or rather that his jurisdiction had not been affirmatively proven in the transcript, citing Commonwealth v. Pennsylvania Milk Products Corporation, 141 Pa. Superior Ct. 282 (1940). In that case, the court held that the justice of the peace must specifically find in the transcript that the offense occurred within his geographical confines.
That case may be clearly distinguished from the situation at hand. In Commonwealth v. Quinn, 215 Pa. Superior Ct. 78 (1969), defendant in a summary conviction tried to use the same jurisdictional argument. The Quinn case, supra, points out that territorial jurisdiction must be shown only where there is an involuntary payment of fines. Otherwise, the review is limited to determining whether the district justice had general jurisdiction over the subject matter and form of action. The court stated at page 83 of the Quinn case, supra:
*175 “We have found no cases where it has been held that the determination of the question of jurisdiction of the subject matter has been held to include the question of territorial jurisdiction of the court hearing the case. On the contrary, it would appear to be the law that jurisdiction of the subject matter is to be determined generally and not as to any specific case.”
In the present case, the district justice had the power to hear and determine cases of the general class to which this proceeding belongs, i.e., motor vehicle violations. Accordingly, it is clear that since appellant, Norman L. Clemmer, paid his fine voluntarily and the case was within the general jurisdiction of the district justice, there is nothing for which a writ of certiorari can be granted.
If one considers the incredible, defendant could argue that his attempt at bail was in order to obtain sanction for certiorari. Realizing that defendant waited approximately five months to do so, this is foresight to which only Nostradamus could be privy. Logic dictates that defendant may have been seeking an opportunity to appeal under the old procedure, i.e., double the fine and costs, which was never done.
Finally, as just mentioned, appellant waited four and one-half months from the date of the hearing to petition for a writ of certiorari. While it is true that no express time limits are placed on these requests as there are in the case of appeals, reasonable and logical confines must be drawn. See Minor Judiciary Court Appeals Act of December 2, 1968, Act No. 355, sec. 6, 42 PS §3006. In Commonwealth v. Kelley, 20 D. & C. 504 (1934), the court analogized the time limit for certiorari from a hearing of the justice of the peace, in that case five days, to that for an appeal. “. . . It is *176 reasonable to suppose that the time allowed by the act during which a certiorari may be taken is the same as that allowed for an appeal. . . .”
The time limit for appeals from summary judgments is 10 days as provided by section 3(c) of the Act of 1968, 42 PS §3003(c). Whether certiorari petitions should also be so limited by analogy need not be decided. Clearly, by any standard, a four and one-half month delay is blatantly unreasonable. The court in Commonwealth v. Bader, 31 D. & C. 693, 696 (1938), while allowing certiorari to a judgment by a magistrate in a criminal proceeding approximately nine weeks after its entry, stated at page 696:
“We do not understand . . . that a defendant can wait for an unconscionable time and yet be entitled to his writ of certiorari whenever he pleases to take it. Certainly laches may be charged to him in this proceeding as well as in any other, and if the court finds him guilty of laches he would by that be deprived of his right to such a writ, not by reason of the Act of 1810 or any other act of assembly, but by application of the general rules applicable to laches.”
While the court recognizes that the Act of 1810, 42 PS §951, and the 20-day limitation for certiorari is not applicable to summary proceedings but only to civil cases, (Commonwealth ex rel. v. Betts, 76 Pa. 465 (1874); Commonwealth v. Brunwasser, 14 D. & C. 2d 19 (1958); Commonwealth v. Radomski, 55 D. & C. 77 (1945)), this statute and the supporting case law are certainly feasible guidelines of relevance which recognize the dismissal of such petitions where unconscionable delay exists before proceeding by certiorari.
What has occurred in the present proceeding is clear. Defendant, after paying the fine and costs, *177 failed to take the proper action as to an appeal under the provisions of the Minor Judiciary Court of Appeals Act of December 2, 1968, Act No. 355, sec. 3(c), 42 PS §3003(c). Rather, he belatedly seeks certiorari on the basis of an involuntary payment of fine and costs. This cannot be permitted.
Since appellant has voluntarily paid his fine, the district justice had jurisdiction and certiorari is not permitted. However, assuming the payment was involuntary, the unconscionable delay by appellant of four and one-half months before petitioning the court for a writ of certiorari clearly warrants the sustaining of the Commonwealth’s motion to strike petition for writ of certiorari. This court did not abuse its discretion in denying certiorari.

 See Commonwealth v. Gipner, 118 Pa. 379 (1888); Commonwealth v. Quinn, 215 Pa. Superior Ct. 78 (1969); Township of Haverford v. Armstrong et al., 76 Pa. Superior Ct. 152 (1921); Commonwealth v. Doloff, 89 D. & C. 104 (1950); Commonwealth v. Hurley, 6 D. & C. 593 (1924); Commonwealth v. Sharpless et al., 5 D. & C. 599 (1924).