## Commonwealth v. Burns

*Robert Banks,* Assistant District Attorney, for Commonwealth.

. *Max P. Gabreski,* for defendant.

STRANAHAN, P. J., January 2, 1974.—This matter is before the court on a writ of certiorari which requires this court to review the record.

Defendant, Richard Burns, was charged with speeding resulting from an apprehension by radar which, according to the Commonwealth, indicated that he was operating a vehicle at a speed of 66 miles per hour on Route I-80 at a place where the speed limit was 55 miles per hour.

Defendant received a hearing before District Justice of the Peace Donald L. Buckel and was found guilty of the charge.

After this determination, he paid his fine and costs in the sum of $20 and, at the same time, his attorney filed a praecipe for a writ of certiorari in the Court of Common Pleas of Mercer County, Pa.

The first obstacle that defendant must overcome is a ruling set forth in Commonwealth v. Quinn, 215 Pa. Superior Ct. 78. In that case, the court holds that the payment of fine and costs amounts to compliance with the sentence and the summary proceedings have, therefore, come to an end and the certiorari brings up nothing to review.

While Commonwealth v. Quinn, supra, does indicate that jurisdiction can be attacked by a writ of certiorari even though fine and costs may have been paid, that exception does not exist in the present case, since there is no contention that District Justice Buckel lacked jurisdiction in the matter.

We, therefore, initially conclude that Commonwealth v. Quinn, supra, bars defendant from proceeding on a writ of certiorari and for that reason alone his position is untenable.

The principle contention of defendant in this case is that, at the time of hearing, the police officer offered in evidence a certified copy of rules and regulations of the Department of Transportation dealing with the type of radar that was approved for use by the police in the apprehension of speeding motorists.

The certification indicated that the date was October 7, 1970, and that the radar being approved was Model TR-6 and that its approval was effective June 23, 1971, which would make its approval date later than the certification on the exhibit. This was objected to at the time of trial and is now raised as a reason why this court should set aside the guilty verdict of the justice of the peace.

Apparently what happened was that this exhibit showing certification of Model TR-6 radar was in error and its approval was effective from September 1970. The district justice of the peace was aware of this fact and took judicial notice of the approval of this type of radar and of the fact that its approval was in existence at the time that defendant was clocked.

Our research indicates that the district justice of the peace may take judicial notice in compliance with the Commonwealth Documents Law enacted July 31, 1968, P. L. 769, and appearing at 45 PS §1101 et seq. In section 604 of said act, 45 PS §1604, it states: "The contents of the code, of the permanent supplements thereto, and of the bulletin, shall be judicially noticed." Pennsylvania Bulletin, Vol. 1, no. 16, dated October 24, 1970, at page 425, states that the Secretary of Transportation caused to be published the regulations ap-

proving Model TR-6, serial 1941, manufactured by Kuston Signals, Inc., the type of radar apparatus involved in this case. Therefore, the type of radar apparatus was approved by the secretary as stated in the Pennsylvania Bulletin, Vol. 1, no. 16, page 425, dated October 24, 1970, and, therefore, the district justice properly took judicial notice of said bulletin and the requirement that a certification be offered in evidence is no longer necessary.

Our research indicated that Commonwealth v. Wahl, 73 Lack. Jur. 110, involves the very problem we are discussing here, and the court held that judicial notice could be taken by a district justice of the peace.

Commonwealth v. McLaughlin, 51 D. & C. 2d 606, deals with the same problems with the same result.

We, therefore, conclude that the dispute over the offering of an exhibit concerning the certification of Model TR-6 is not a sufficient irregularity to change the outcome of the case, since the district justice of the peace could properly take judicial notice of the approval of this type of radar for use in determining the speed of motorists.

We find no merit to the other positions of defendant and, therefore, must uphold the verdict of the district justice of the peace.

## ORDER

And now, January 2, 1974, the writ of certiorari is dismissed for the reasons set forth in the opinion and exceptions are granted to Richard Burns from this order of court.