## Commonwealth *v.* Corkins, Appellant.

Submitted March 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John B. Schaner,* for appellant.

*Richard A. Lewis* and *Marion E. MacIntyre,* Deputy District Attorneys, and *LeRoy S. Zimmerman,* District Attorney for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., September 23, 1974:

The lower court in this case, on appeal from a Justice of the Peace decision finding the Appellant guilty of violations of The Vehicle Code, held that Appellant waived his right to review by payment of fines and costs to the Justice of the Peace. The record reveals that no such waiver has taken place.

The front of the actual citation, included in the record, reveals that the Appellant was fined ten ($10.00) dollars and assessed five ($5.00) dollars costs as a result of his conviction, a total of fifteen ($15.00) dollars. Normally, the defendant, by such payments, if voluntarily paid, waives his right to seek review (by way of certiorari) in the Court of Common Pleas. See *Commonwealth v. Quinn,* 215 Pa. Superior Ct. 78, 257 A. 2d 266 (1969). The back of the citation reveals that Appellant paid not fifteen ($15.00) dollars, but rather twenty ($20.00) dollars. Moreover, the back of the citation, just above the signature of the Justice of the Peace, contains the words: "Fine and costs held in escrow pending result of certiorari." A report by the Justice of the Peace to the Dauphin County Court notes that Justice of the Peace costs in this summary conviction were being "held in escrow."[1]

In light of the above, it seems clear that the Appellant noted his desire to appeal at the time of the hearing and made no final and voluntary payment of fine and costs such as to waive his right to appeal. The record mandates the conclusion that the twenty ($20.00) dol-

---

[1] It is noted that on both the back of the citation and on this report, costs were listed as ten ($10.00) dollars rather than five ($5.00) dollars. The increase was because a hearing was held. (See 75 P.S. §1207).

lars was held in escrow, as a bond or surety, pending the outcome of the case on review.

Remanded for a hearing on the merits by the lower court.