384 A.2d 1302

**DORMONT REALTY, INC.**

v.

**Berthula CYRUS, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1977.

Decided April 13, 1978.

---

Michael J. Kearney, Jr., Braddock, with him Mark B. Greenblatt, Pittsburgh, for appellant.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in holding that it did not have jurisdiction to consider her petition to open and/or strike a judgment entered in the court of common pleas on the transcript of a justice of the peace. Because the lower court failed to consider the question of when appellant received notice of the entry of the justice of peace judgment, we remand for an evidentiary hearing on that issue.

The facts giving rise to the instant appeal are as follows: On October 7, 1976, appellee filed a landlord and tenant complaint against appellant in which it requested possession of the premises and $680.00 in rent remaining due and unpaid from July, 1976, to October, 1976, inclusive. At a hearing before a justice of the peace on October 28, 1976, appellant based her defense upon the statutory proscription against evictions from residential dwellings while a tenant is depositing rent in escrow pursuant to a certification that the premises are unfit for human habitation.[1] At the close of the hearing, the justice of the peace took the case under advisement. The disposition portion of the complaint shows that the justice of the peace entered judgment in favor of appellee for possession and $680.00 plus $35.00 in costs on November 23, 1976, 26 days after the hearing.

1. Act of January 24, 1966, P.L. 1534, § 1, as amended, Act of June 11, 1968, P.L. 159, No. 89, § 2; 35 P.S. § 1700–1. *See also De Paul v. Kauffman,* 441 Pa. 386, 272 A.2d 500 (1971). Following an inspection of appellant's premises in August of 1976, the Allegheny County Health Department and the Pittsburgh Bureau of Building Inspection declared appellant's house unfit for human habitation and informed her of her rights and obligations under the aforementioned statute. Commencing in September, 1976, appellant deposited her monthly rent payments into an approved escrow account with the Mellon Bank in Pittsburgh. Prior to the instant appeal, appellant voluntarily relinquished possession of the demised premises. Consequently, at issue is the $930.00 in her escrow account.

On February 10, 1977, appellee filed a writ of execution instructing the sheriff of Allegheny County to attach appellant's escrowed funds in the possession of the Mellon Bank, garnishee, and the Allegheny County Health Department, garnishee. On February 11, 1977, the Mellon Bank notified appellant that it had been served with the writ and had placed a hold on the balance in her account.

Appellant next received a letter [2] from the prothonotary of Allegheny County dated February 9, 1977, advising her that on February 10, 1977, a judgment in favor of appellee in the amount of $680.00 plus costs would be entered in the Court of Common Pleas of Allegheny County.[3] On February 18, 1977, appellant filed a "Petition to Open and/or Strike Judgment and Stay of Execution". Without conducting a hearing, the lower court denied the petition. This appeal followed.[4]

Appellant contends that the lower court had jurisdiction to strike a judgment entered in a court of common pleas upon the transcript of a justice of the peace.[5] In refusing to

2. The date on which appellant received this letter is unclear. In appellant's petition to open and/or strike the judgment, she avers that she received this notice on February 23, 1977. In her brief, she alleges that she received the notice on February 11, 1977.

3. The Act of March 20, 1810, P.L. 208, 5 Sm.L. 161, § 10; 42 P.S. 763 provides for the entry of the transcript of a judgment rendered by a justice of the peace upon the docket of the court of common pleas for the purpose of execution.

4. Following the lower court's refusal to hear the petition, appellant on February 22, 1977, filed an "Application for Stay of Execution" pursuant to Rule 1732, Pa.R.A.P.; 42 Pa.C.S. 1732, and posted a bond in an appropriate sum pursuant to Rule 1731, Pa.R.A.P., supra. In a February 23, 1977 per curiam order per Price, J., our Court decreed that the writ of execution be set aside, that the monies in appellant's bank accounts be released to her possession, and that the appeal to this Court act as a supersedeas to the judgment of the Justice of the Peace. In a second per curiam order entered by our Court on February 24, 1977, we noted that the issue of possession had been mooted because appellant had relinquished possession of the premises prior to the action of this Court.

5. Because we find merit to this contention, we do not consider appellant's alternative theory that the lower court had jurisdiction to open the instant judgment entered on the transcript of the justice of

hear appellant's petition, the lower court held that the court of common pleas had no power to strike a judgment entered upon the transcript of a justice of the peace. It asserted that the sole remedy was a writ of certiorari to the common pleas court. Our disposition of the instant appeal hinges on our resolution of these opposing assertions of law.

Rule 1001(3), Pa.R.C.P.J.P.; 42 P.S. 1001(3), defines certiorari as "an examination by the court of common pleas of the record of proceedings before a justice of the peace to determine questions raised under Rule 1009 A." Rule 1009 A, Pa.R.C.P.J.P. provides, in pertinent part, that "a party aggrieved by a judgment may file with the prothonotary of the court of common pleas a praecipe for a writ of certiorari claiming that the judgment should be set aside because of lack of jurisdiction over the parties or subject matter, improper venue or such gross irregularity of procedure as to make the judgment void." The rule also places time constraints on the availability of the writ: "If lack of jurisdiction over the parties or the subject matter is claimed, the praecipe may be filed at any time after judgment. Otherwise it shall be filed within twenty (20) days from the date of the judgment." Rule 1009 B, Pa.R.C.P.J.P. In construing a virtually identical statute,[6] our Court held that if a petitioner filed a praecipe for a writ of certiorari within twenty days following knowledge of the entry of judgment, such a praecipe would be deemed timely filed. We stated that: "The courts have given an equitable interpretation to the limitation imposed by the Act of 1810, supra, and have held in many cases where fundamental deficiencies appear in a record that a certiorari may be issued after twenty days. But it has also been held that the defendant must, in such case, sue out a writ within a reasonable time, which means

the peace in the court of common pleas. Cf. *Lacock v. White,* 19 Pa. 495 (1852).

6. The Act of March 20, 1810, P.L. 208, 5 Sm.L. 161, § 21; 42 P.S. § 951 (suspended by Rule 1081(19), Pa.R.C.P.J.P.) provided, in pertinent part, that "no judgment shall be set aside in pursuance of a writ of certiorari unless the same is issued within twenty days after judgment was rendered, and served within five days thereafter".

within twenty days after knowledge that the judgment has been entered . . . ." *Laska v. Zelazowski,* 134 Pa.Super. 311, 4 A.2d 207 (1938). We see no reason not to extend this equitable interpretation to Rule 1009 B.

██ In the instant case, appellant, in her motion to strike the judgment, alleges that the justice of the peace contravened Rules 322 and 514 C, Pa.R.C.P.J.P. because he failed to enter judgment within five days following the hearing. In effect, appellant contends that this defect constituted a gross irregularity of procedure which rendered the judgment void. She could have raised this contention in a praecipe for a writ of certiorari under Rule 1009 B provided that she could establish that she acted within twenty days after receiving notice of the entry of judgment. *Laska v. Zelazowski,* supra. Instead, appellant filed a motion to strike the judgment because she believed that the twenty day period of Rule 1009 B had elapsed. Technically, appellant erred. However, in the case at bar, appellant's motion to strike is functionally identical to a writ of certiorari. Both seek to set aside a judgment because of irregularities or errors and both require that the irregularities appear on the face of the record. *Compare* Rule 1009 A, Pa.R.C.P.J.P. and *Cameron v. Great A. & P. Tea Co., Inc.,* 439 Pa. 374, 266 A.2d 715 (1970) and *Taylor v. Tudor & Free,* 81 Pa.Super. 306 (1923). Therefore, if appellant can establish, at an evidentiary hearing, that she filed her petition within twenty days after receiving notice of the entry of the judgment, then the lower court should entertain the petition.[7]

Order reversed and case remanded for proceedings consistent with this opinion.

SPAETH, J., concurs in the result.

[7]. We realize that if the lower court finds that appellant filed her motion within twenty days of her discovery of the entry of judgment, it could order appellant to file a praecipe for a writ of certiorari *nunc pro tunc.* However, inasmuch as the instant motion to strike is the functional equivalent of the writ, such an order would not aid in the clarification of the legal issues involved herein. Therefore, if the lower court finds that the motion was timely filed, it should proceed to the consideration of the merits.

JACOBS, President Judge, and PRICE, J., dissent.