Sharon Mead, Appellant *v.* R. Donald Holter, Appellee.

Submitted on briefs, December 7, 1978, to Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Donald Driscoll,* for appellant.

*Gailey C. Keller,* with him *Smith, Eves and Keller,* for appellee.

OPINION BY JUDGE CRAIG, July 11, 1979:

This is an appeal by plaintiff Sharon Mead from a decision of the Court of Common Pleas of Columbia County, dismissing her action in mandamus, by which she sought to compel defendant R. Donald Holter, a district magistrate, to reinstate a civil judgment which he had rendered in her favor.

Defendant had held a hearing on plaintiff's original cause of action in assumpsit and had entered judgment for her in the amount of $257.00 on April 8, 1976, pursuant to Pa. R.C.P.J.P. No. 322. On April 14, 1976, defendant issued a new decision dismissing plaintiff's action without prejudice. Defendant's refusal to reinstate the judgment in plaintiff's favor prompted plaintiff to file her amicable action in mandamus in the court of common pleas.

The court below correctly stated the rule that, where an adequate remedy at law is available, the extraordinary relief of mandamus will not lie. *Blystone v. Borough of Forest Hills,* 22 Pa. Commonwealth Ct. 395, 349 A.2d 494 (1975). The lower court dismissed

plaintiff's action on the ground that plaintiff had available an adequate remedy at law by means of a praecipe for writ of certiorari under Pa. R.C.P.J.P. No. 1009.

A writ of certiorari, pursuant to Pa. R.C.P.J.P. No. 1009 A, directed to the second judgment, was available to plaintiff because the entry of that judgment, more than five days after the hearing, was in contravention of the provisions of Pa. R.C.P.J.P. No. 322. The entry of that judgment therefore constituted "such gross irregularity of procedure as to make the judgment void."

In *Dormont Realty, Inc. v. Cyrus*, 253 Pa. Superior Ct. 203, 384 A.2d 1302 (1978), appellant moved to strike off a justice of the peace judgment entered more than five days following the hearing. On appeal, the court held that, because the motion to strike for an irregularity on the face of the record was the functional equivalent of a writ of certiorari under Rule No. 1009 A, the lower court should entertain the motion if appellant could establish filing the motion within the time limitation imposed by Rule No. 1009 B on filing for a writ of certiorari.

This case seems to indicate that the writ of certiorari is the correct means by which to attack procedural irregularities in the judgment, which include the untimely entering of a judgment. (We note that the remedy is only available within the twenty-day time limit of Rule No. 1009 B which was equitably interpreted by *Dormont, supra* to mean within twenty days of the receipt of notice of the judgment).

Thus, because a praecipe for writ of certiorari was a remedy available to review the procedural irregularity of the district magistrate's second judgment, we affirm the lower court's order dismissing plaintiff's action in mandamus, and enter the following

ORDER

AND NOW, this 11th day of July, 1979, the order of the Court of Common Pleas of Columbia County, No. 767-1976, dismissing plaintiff's action in mandamus, is affirmed.